WESTERN DIS
*October*, 1833.

STAFFORD
*vs.*
SMITH.

6L 91
47 1470

### STAFFORD *vs.* SMITH.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE THEREOF
PRESIDING.

The prescription of one year applies to an action instituted to correct a former judgment, which it is alleged is erroneous, and some of the items composing it fraudently charged; and if such an action be brought more than a year after the judgment, proof must be given that the fraud has been discovered within a year.

Although a party is precluded from attacking a judgment on the ground of fraud or nullity, after the lapse of one year, yet where the petition sets up payments and matters arising since the judgment complained of, they will be inquired into.

A receipt of a payment given since the institution of suit, not claimed in an amended petition, will not, if objected to, be admitted in evidence, to prove the allegation of payment made in the petition, praying to enjoin further proceedings as an execution on other grounds.

Where interest and commissions for advancing cash are charged in a balance account attacked as erroneous, proof of an agreement must be adduced, or the charges will be rejected.

This suit commenced by injunction. The petition was filed on the 8th of February, 1831. The plaintiff alleges, that in April, 1829, he confessed a judgment in favor of Palmer Smith, for two thousand five hundred forty-five dollars and eight cents, with ten per cent. per annum, with interest thereon, based on a note, accounts and drafts, which he supposed were correct at the time, but which he has since ascertained to be incorrect; as containing over-charges, compound interest, illegal commissions and items fraudulently introduced into the account. He alleges that he has shipped ninety-nine bales cotton to the defendant since the confession of judgment in his favor, which remains unaccounted

for, leaving a balance due of five hundred seventy-nine dollars and twenty-seven cents. He prays for an injunction to restrain Smith from proceeding with his execution of said judgment until it be corrected, and an investigation of *matters set forth can be had.*

In his answer to interrogatories, Smith annexed an account, showing the sale and distribution of the proceeds of the cotton by the firm of Palmer Smith & Co., to which firm he belonged, and by which a balance of three hundred eighty-three dollars and ninety cents was due to Stafford, and which is credited on the judgment.

The plaintiff offered a receipt of Smith's, in evidence, to show that the judgment has been paid, which was objected to and referred by the court, as irrelevant; no allegation of payment being made in the petition.

The injunction was sustained for sixty-eight dollars and thirteen cents.

The defendant appealed.

*Thomas,* for plaintiff and appellee, contended that:

1. That the judgment enjoined was founded upon an erroneous statement of the original accounts between the parties, by omitting proper credits, making improper over-charges, &c., &c.

2. The judgment, although confessed by Stafford, can be opened, because it is founded in error, so as to have the error complained of, corrected, without attacking the whole judgment in an action of nullity.

PORTER, J., delivered the opinion of the court.

The petitioner alleges, that he confessed judgment in favor of the defendant, upon an account presented, which he believed to be correct, but that he has since discovered that several items of it were false and fraudulent. He further charges, that the defendant has issued an execution on the judgment so obtained, and is about to seize and sell

STAFFORD
vs.
SMITH.

his property, and he prays for an injunction until the matters set forth in the petition can be investigated.

The parties went to trial in the court below on an issue formed by the general denial. The court made the injunction perpetual for the sum of sixty-eight dollars and thirteen cents.

The defendant appealed.

There is a plea of prescription, which requires to be examined before we can look into the other matters in contest.

We are of opinion this plea is sustained. The 613th article of the Code of Practice provides, that when a judgment has been obtained through fraud, the action must be brought within one year after the fraud has been discovered, or the *receipt* found. There is no proof on record, that the discovery of the alleged fraud was less than twelve months before the institution of the action, and this action was brought more than twelve months after the rendition of the judgment.

This case was attempted on the argument to be assimilated to that of *Paxton* vs. *Cobbs*, but the analogies between them are too remote, to permit us to apply the same rules in both. In the latter, the judgment of the court was made the basis of a new action, in which different things were claimed from those given by the first decree, and the defence of nullity was presented as an exception. Here, the first judgment is about to be carried into execution, and that execution can only be suspended by an action of nullity, if the grounds on which it is sought to be instituted are matters arising previous to the judgment being rendered. Such an action must be brought within one year. This construction is greatly strengthened by the declaration in the Code of Practice, that, the nullities in judgments which arise from incompetency in the judge, or incapacity in the parties, are not prescribed so long as they are unexecuted; while, in those which proceed from fraud in one of the parties, the prescription is made to commence from the time the fraud is discovered. Thus suspending the prescription in the one

The prescription of one year applies to an action instituted to correct a former judgment, which it is alleged is erroneous, and some of the items composing it fraudulently charged; and if such an action be brought more than a year after the judg-

ment, proof must be given that the fraud has been discovered within a year.

Although a party is precluded from attacking a judgment on the ground of fraud or nullity, after the lapse of one year, yet, where the petition sets up payments and matters arising since the judgment complained of, they will be inquired into.

A receipt of a payment given since the institution of suit, and not claimed in an amended petition, will not. if directed to be admitted in evidence to prove the allegation of payment made in the petition, praying to enjoin further proceedidgs as an execution.

Where interest and commissions are charge in a balance account attacked as erroneous, proof of an agreement must be produced or the charge will be rejected.

case until the plaintiff attempts to execute the judgment, and declaring in the other, that it shall run upon a totally distinct consideration.　*Code of Practice,* 612, 613.　2 *La. Rep.* 138.

But in addition to the frauds alleged in relation to the judgment, there are charges in the petition of payments having been made since it was rendered, for which the plaintiff is entitled to a credit.　As these relate to matters arising after payment, they are a proper subject of inquiry. On this head the allegation in the petition is, that ninety-nine bales of cotton were shipped to the defendant between the months of October, 1829, and April, 1830; and that there remained five hundred seventy-nine dollars and twenty-seven cents, for which he had not accounted.

A bill of exceptions was taken by the plaintiff to the rejection by the court of a receipt of the defendant, for a large sum of money.　The receipt is dated on the 24th January, 1832.　As the petition claims the injunction on totally distinct grounds from that of any payment at that time, or in that way, we think the court did not err in rejecting it.

The defendant was interrogated whether the ninety-nine bales of cotton alluded to in the petition, had not been sent to him.　He answered that the house to which he belonged, had received but ninety-five, and that the proceeds had been paid and distributed, at the request and in pursuance of the directions of the plaintiff.　The account of that distribution is annexed to the answer, and shows a balance of three hundred eighty-three dollars and ninety cents, in favor of the defendant.　The balance was subsequently credited on the judgment now sought to be enforced.

We have examined that account, and we can *discover no* other errors in it, save a charge of interest at ten per cent., for which, nor for interest at any other rate, is there proof in writing; and a charge for commissions, in advancing cash. The charge appears to fall within the same principles on which we rejected a charge for acceptances, in the case

of *Millaudon* vs. *Arnaud*, decided at the last term of this court. These amount to forty dollars and sixty-six cents.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, and it is further ordered and decreed, that the injunction granted in the case be perpetuated for the sum of forty dollars and sixty-six cents, the defendant paying costs in the court of the first instance, and the plaintiff those of appeal.