On Application for a Rehearing:
Miller, J.
The petition for the rehearing directs attention to that part of the judgment of the lower court which condemns the plaintiff to pay costs and allows damages for the injunction dissolved by the judgment. It is urged in the petition that neither costs nor damages should be allowed, because the plaintiff’s injunction was maintained in part.
The real controversy was as to the defendant’s right to remove any portion of the property. The judgment maintained defendant’s position so far as the pipes are involved. An injunction maintained only on an immaterial point will not affect defendant’s right to costs or damages. Morgan vs. Driggs, 3 An. 124; Rowly vs. Kemp, 2 An. 360. If the controversy re’ated only to the piping, in all probability defendants would have promptly surrendered all claim to the pipes, and there would have been no necessity for an injunction. Nor was the intention of the lower court called to the question of costs proper in all cases, if an error in that respect is committed, and that is the sole ground of complaint. The court will not reverse a judgment merely because of an error as to costs not the subject of any controversy nor sought to be corrected in the lower court. Besides, neither costs nor damages were alluded to in the discussion in this court on the trial of the case, and hence are not to be urged on the rehearing. Bank vs. Lawless, 3 An. 129; Fulton vs. Brown & Phelan, 10 An. 350; Ames vs. Merchants’ Insurance Company, 2 An. 594; C. P. 912; Stafford vs. Smith, 6 La. 93; Stark vs. Burke et al., 9 An. 344; Succession of Samuel Broom, 14 An. 67.
Rehearing refused.