## COPLEY *v.* LAMBETH et al.

The attorney of the plaintiff in an action pending on appeal, cannot purchase the claim of his client. Such a purchase, being of a litigious right, is null. C. C. 2422. Nor can he receive the claim from the plaintiff in payment of a debt due to himself. C. C. 2629.

APPEAL from the District Court of Ouachita, *Willson,* J.

*Copley,* appellant, *pro se.* This case is not that of the purchase of a litigious right. The transfer of the judgment of *Bingham* v. *Lambeth & Thompson,* was taked in payment of a pre-existing debt, which is not illegal.

*McGuire* and *Ray,* for the defendants.

The judgment of the court was pronounced by

EUSTIS, C. J. The plaintiff became the purchaser of certain slaves at a sheriff's sale, made under an execution issued by the defendants against *George H. Caldwell,* on a judgment obtained by them, in the court of the Seventh District held in the parish of Ouachita, against *Caldwell, Brigham & Downs,* and

gave his bond, with security, for the purchase money, $977, payable in twelve months, with interest at ten per cent from date, February 17th, 1842. On the 3d day of January, 1845, at his instance, the execution issued to enforce the payment of this bond was enjoined, under an allegation that he was the owner of the judgment of *Brigham* v. *Lambeth & Thompson*, which, with costs, amounted to $512, which judgment he had a right to plead in compensation for that amount. The balance of the bond was paid. There was a judgment in the court below dissolving the injunction, and awarding to the defendants, against the plaintiff and his surety, ten per cent damages, and costs. The plaintiff has appealed. The defendants on the appeal have asked that these damages be increased, to the maximum allowed in such cases on the dissolution of injunctions.

The transfer of the judgment is dated the 21st December, 1844. In the suit in which it was rendered the plaintiff was *Brigham's* attorney on record; and, on the 2d of November preceding, an appeal had been granted, on motion of the defendants, of which the plaintiff was bound to take notice.

The plaintiff presents himself for the equitable interference of the court, in aid of a litigious right, acquired by him in express violation of the law. Public officers connected with courts of justice are prohibited from purchasing litigious rights, which are within the jurisdiction of the tribunal in which they exercise their functions, under the penalty of nullity, and of having to defray all damages, costs and interest. Civil Code, arts. 2422, 2629.

The judgment itself we have just reversed ;* and the facts connected with it show that, it could not be transferred so as to give the transferee a right to exact the amount from *Lambeth & Thompson*. But we have an aversion to such details, and it only remains for us to say that, proceedings of this kind can receive no countenance from a court of justice ; and we enjoin it on those entrusted with the high duty of administering the laws, on all occasions to vindicate their purity, and not to permit their violation, directly or indirectly, by public officers under their authority. We shall allow the defendant the maximum of damages.

The judgment of the court below is therefore affirmed, with twenty per cent damages, $103, and costs.

---

* The case of *Brigham* v. *Lambeth & Thompson*, turning entirely on questions of fact, is not reported.