## COPLEY *v.* MOODY.

The purchase of a litigious right by an attorney practising in the court in which the litigation was pending at the time of the sale, is null. C. C. 2422, 2623, 3522, § 22.

APPEAL from the District Court of Madison, *Curry*, J. *H. W. Dunlap*, for the appellant. *Bemiss*, for the defendant. The judgment of the court was pronounced by

KING, J. This is a petitory action, in which the plaintiff seeks to recover twenty-five slaves, which he alleges were adjudicated to him at the probate sale of the property of *J. H. Sims*, deceased. The defendant avers title in himself under a marshal's sale, made in virtue of an order of seizure and sale issued from the District Court of the United States. The plaintiff's demand was rejected in the court below, and he has appealed.

COPLEY
v.
MOODY.

From the evidence it appears, that the slaves in controversy, together with a tract of land, were mortgaged by *Sims* to the defendant, in 1841, to secure the payment of a sum exceeding $28,000. *Sims* died in 1842, and during the same year an inventory of his succession was made. On the 10th of March, 1843, under an executory proceeding, all the mortgaged property was adjudicated by the United States marshal for the western district of Louisiana to the defendant. On the 25th of the same month, on the application of the creditors of *Sims*, the probate judge of the parish of Madison ordered all of the property thus adjudicated to the defendant to be sold, as composing a part of the succession of the deceased. A further order was granted for the provisional seizure and sequestration of the slaves and moveables, on the ground that they were in the possession of the defendant, who it was apprehended would remove them from the State, before they could be legally sold. The slaves were taken into possession by the sheriff, notwithstanding which the defendant succeeded in escaping with them from the State. After the removal of the slaves, a second inventory was made, in which was appraised " all the right, title, interest and claim of the succession to the slaves formerly employed on the plantation of *Sims*, and now in adverse possession, supposed to be in Morgan county, Georgia." The property advertised for sale was " all the right, title and interest of the succession of *Sims*, to the slaves," in question, " supposed to be in Morgan county, Georgia," and with this description they were adjudicated to the plaintiff, for $14 50.

From this statement it is manifest that the adjudication to the plaintiff was of a litigious right. A litigation, extremely irregular it is true, in many respects, was, at the date of the adjudication, pending between the creditors of *Sims* and the defendant *Moody*, who possessed and claimed title in virtue of a judicial sale. The plaintiff was at the time of his purchase a practising attorney, and could only acquire such a right under the pain of nullity. C. Code, arts. 2422, 2623, 3522, no. 22. *Copley* v. *Lambeth*, 1 Ann. R. 316.

*Judgment affirmed.*