## No. 404.

DAVID PIPES, SR., *v.* WOODRUFF NORSWORTHY. B. H. NORSWORTHY, Intervenor.

25 557
114 783

The defendant in this suit has no interest in disputing the ownership of the judicial mortgage obtained against Parks, which is sought to be enforced by plaintiff on land which defendant holds under said Parks. If it should be discharged by him, the discharge would protect him against Morgan & Todd, the alleged transferrees, who, by appearing as counsel for plaintiff, and signing the petition alleging his ownership of the judgment, would be estopped from disputing his title; or if defendant's land should be subjected to the mortgage resulting from said judgment, no controversy could arise hereafter in relation to it at the suit of Morgan & Todd, the alleged transferrees.

Besides, if, as alleged by defendant, the pretended transfer of the judgment was a nullity, because it was the sale of a litigious right, the title of it remains in the plaintiff, and of course he has the right to its enforcement.

As to the plea of prescription, this defense was unsuccessfully made by Parks, the judgment debtor, and as the judgment was rendered before defendant bought the land from Parks and before his adverse interest accrued, he was not in any manner injured by it The judgment becoming final for Parks, is also conclusive against defendant.

It is those creditors, whose claims exist at the time an improper judgment is rendered, that have cause to complain, because they only are injured by it. The third possessor of mortgaged property certainly occupies no better position than a creditor.

The allegation that Parks never owned the land in question, and therefore that the mortgage never took effect upon it, works fatally against the defendant, who raised this objection. If Parks, the author of defendant's title, never owned the land, it follows that defendant does not own it and can not be injured by this suit. Repudiating the title of Parks, he repudiates his own, and puts himself out of court.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray, J. D. C. Morgan, Todd & Brigham,* for plaintiff and appellant. *Newton & Hall, C. F. Dunn* and *R. G. Cobb,* for defendant and appellee.

WYLY, J. In July, 1866, the plaintiff, David Pipes, obtained judgment for $7810 20 against William A. Parks, who took an appeal to this court, and who went into bankruptcy pending that appeal. Brigham & Morgan bought the judgment of the plaintiff pending the appeal, which was afterwards dismissed by consent of parties, E. E. Norton, the assignee, acting therein in behalf of Parks.

This judgment had been duly recorded before Parks became a bankrupt, and of course, it became a judicial mortgage on his property.

William A. Parks was the administrator of the succession of his father, Levi Parks, and was also a beneficiary heir. At probate sale he purchased the plantation which belonged to his father's succession.

He subsequently sold one undivided third of said plantation to the defendant, Woodruff Norsworthy, and the other two-thirds to Brigham and Gale. Norsworthy afterwards acquired Gale's part of the land, making him the owner of two-thirds of the plantation. Brigham went into bankruptcy and surrendered his third interest in the plantation. The plaintiff now brings this hypothecary action to subject the two-thirds of the plantation owned by the defendant to his judicial mortgage which was attached to the plantation when it was owned by William A. Parks, the author of defendant's title.

The issues presented by the pleadings are as follow:

*First*—That Pipes was not the owner of the judgment or mortgage sought to be enforced, and the suit could not be instituted in his name.

*Second*—That one-half of the debt on which the judgment was based was extinguished by prescription.

*Third*—That the judgment had been sold to Morgan & Brigham, attorneys at law, pending the appeal, and it was the sale of a litigious right, and therefore null.

*Fourth*—That William A. Parks was never the owner of the land in question, consequently the judicial mortgage never took effect on the land.

*Fifth*—That one-third of the mortgage was extinguished by confusion, by virtue of Brigham having been one-third owner of the plantation, and at the same time one-half owner of the judgment or judicial mortgage.

It appears that Brigham's interest in the judgment sought to be enforced was transferred to R. B. Todd, an attorney at law. And it appears that this hypothecary action was brought in the name of the plaintiff, the original owner of the debt, and the plaintiff in the suit which resulted in the judgment now sought to be enforced on the land of the defendant. Notwithstanding the transfer of the judgment, Morgan & Todd, by appearing as counsel for the plaintiff, and signing the petition alleging his ownership of the judgment, would be estopped from disputing his title; and it is proved that the plaintiff authorized this suit to be brought. What interest has the defendant in disputing the ownership of the judgment? If it should be discharged by him, the discharge would protect him against Morgan & Todd, the alleged tranferrees, or if the land should now be subjected to that mortgage, no controversy could arise hereafter in relation to it at the suit of Morgan & Todd. It is not pretended that the alleged transfer of the judgment in any manner prevents the defendant from making such defenses as he could make without it.

Besides assuming his third ground of defense to be true (and he certainly can not object to this assumption), the pretended transfer of the judgment was a nullity, because it was the sale of a litigious

right. Therefore, if the truth of the third ground be conceded, which is that the transfer of the judgment was a nullity, there is not the least difficulty in disposing of the first ground, because, as the transfer to Morgan & Todd was a nullity, the title of the judgment remains in the plaintiff, and, of course, he has the right to enforce his own judgment.

As to the objection that one-half of the debt on which the judgment was based was extinguished by prescription, we will remark that that defense was unsuccessfully made by Parks, the judgment debtor, and, of course, the judgment became final and conclusive against him. As this judgment was rendered before the defendant bought the land from Parks, and before his adverse interest accrued, he was not defrauded or in any manner injured by it, even though it were without consideration and prescribed. It is creditors whose claims exist at the time an improper judgment is rendered that have cause to complain, because they only are injured by it. The defendant, the third possessor of mortgaged property, certainly occupies no better position than a creditor. Besides, the judgment can not be attacked collaterally. As to the objection that William A. Parks never owned the land in question, and therefore the mortgage never took effect upon it, we will remark that setting up title under Parks, the defendant is estopped from disputing with the plaintiff on this point. If Parks, the author of his title, never owned this land, the defendant does not own it and can not be injured by this suit; he has no cause to complain, because, when he repudiates Parks' title, he repudiates his own. This argument puts him out of court, because deriving possession and title from Parks, when he repudiates or disclaims these he has no further interest in the contest. Disowning Parks' possession and Parks' title, which alone give him an interest in this case, the defendant has no more right to contest with the plaintiff about the land in question than any other citizen of the parish of Morehouse.

As to the fifth ground, to wit: that one-third of the mortgage was extinguished by confusion, because Brigham owned one-third of the plantation, and at the same time owned one-half the judgment, we will remark there is no force in it. Brigham owned half of the judgment, it is true, but he never occupied for a moment the position both of creditor and debtor for any part of said judgment. It is true, he owned one-third of the plantation in controversy, which he surrendered in bankruptcy, and which is not embraced in this litigation.

As to that share of the land, of course, there was confusion as to one-half the amount of the mortgage. That is, the judgment was, in no manner, reduced, but its effect as a mortgage ceased to the extent of one-half on that part of the land purchased by Brigham. No part of the judgment was paid. If Brigham had bought the whole tract,

instead of one-third, of course it would have been relieved of the mortgage by confusion; but this would not release the judgment as a mortgage to its full amount on any other lands owned by Parks at the time of the registry of said judgment.

As to the plea of discusssion, no money was tendered by the defendant to carry it on; besides, Parks had gone in bankruptcy, and the property being in the jurisdiction of the bankrupt court, could not be discussed by process of the court *a qua*.

It is therefore ordered that the judgment herein in favor of the defendant be annulled; and it is now ordered that there be judgment for the plaintiff recognizing his judicial mortgage herein on the land in controversy, and ordering it to be sold according to law to pay the judgment, interest and costs set up by the plaintiff herein; and it is further ordered that the plaintiff recover judgment against the defendant for costs of this proceeding in both courts.

Rehearing refused.