No. 8843.

ADELIA DENNY vs. R. K. ANDERSON.

The rule which strikes with nullity the purchases by attorneys-at-law of litigious rights which fall under the jurisdiction of the tribunal in which they practice, will apply to purchases made by attorneys who reside in a different parish or district from that in which sits the court in which the suit originated.  The fact that the attorney has never practiced in that particular court will not shield him.

APPEAL from the Eighth District Court, Parish East Carroll. *Pilcher*, Judge, *ad hoc*.

*Breaux & Hall* for Plaintiff and Appellant.

*J. M. Kennedy* for Defendant and Appellee.

The opinion of the Court was delivered by

POCHÉ, J. This is a suit on a promissory note for $2000, alleged to have been executed by the defendant to the order of plaintiff's father, and to have been subsequently acquired by her in good faith, and to have been thereafter lost.

The defense is a denial of the plaintiff's ownership of the note, coupled with the allegation that if she has a title to the same, it was acquired after maturity, and that plaintiff is amenable to the defenses of compensation, which the defendant proceeds to set up against the original payee of the note.

Pending this litigation, plaintiff made a transfer of all her rights and interests in the note to W. R. Mills, Esq., a member of the bar, residing in the city of New Orleans.

Plaintiff then filed a supplemental petition, in which she was joined by Mills, setting forth her transfer to him, suggesting a notice of the transfer to the defendant, and praying that Mills be subrogated as plaintiff in the cause.

That petition is styled an "amended petition and petition of intervention." Judgment was rendered against plaintiff; whereupon plaintiff prayed for and obtained an order for a devolutive appeal on a bond of fifty dollars.

The appeal bond in the sum fixed by the order is executed by W. R. Mills, styling himself an intervenor.

On that ground appellee has predicated his

## MOTION TO DISMISS.

He urges that the order of appeal was obtained by and granted to plaintiff and not to the intervenor. Hence, he argues that there is no appeal as to plaintiff because she has furnished no bond; and that there is no appeal as to intervenor because he has obtained no order of appeal.

The fallacy of this argument consists in the conception that the true character of a party to a suit must be tested by the style or name which he assumes or by which he is described in the record.

Such is not the case; and courts cannot adopt a rule which would convert a party plaintiff, as shown by his own pleadings, into an intervenor or any other appearer.

The legal result of the petition of Adelia Denny, the original plaintiff, suggesting her transfer to Mills, who joined in the statement and in the prayer to be recognized as the owner of the claim in suit, was to make him the real and only plaintiff in the case. His legal attitude in the cause could not be, and was not, affected by the fact that his petition was erroneously endorsed as a petition of intervention, or that he was misnamed as an intervenor in several parts of the record.

He was therefore the plaintiff who was cast in the suit, who obtained the order of appeal, who furnished the appeal bond required by the order, and who is now the appellant before this Court. Hence, the motion to dismiss must be disallowed.

---

## ON THE MERITS.

In a supplemental answer the defendant urged several other grounds of resistance, one of which is sufficient to defeat plaintiff Mills' right of recovery.

That presents the nullity of his purchase of a litigious right, which falls under the jurisdiction of the court in which he practices his profession of attorney-at-law, under the provisions of article 2447 of the Civil Code.

The claim which he purchased from Adelia Denny was in suit at the time of his purchase, and payment was resisted on serious grounds of defense. These circumstances actually demonstrate that the claim was a litigious right.

The record shows that W. R. Mills, Esq., is an attorney-at-law residing in New Orleans, practicing his profession in the courts of this State. True, the record fails to show that he has ever practiced in the courts of the parish of East Carroll, but such an incident as having practiced in that parish is not necessary to render him amenable to the prohibition contemplated by the Code. The claim falls within the jurisdiction and is actually under the judicial action of this Court, in which it is shown that he has been for years a prominent practitioner.

The reasons which have prompted this litigation apply with equal force to attorneys who reside in the different parishes in the State, and will not sanction a restriction of the rule to attorneys who are actually practitioners of the court in which the suit originated.

Those reasons are of easy conception, and are well known and thoroughly understood by the profession ; hence, it becomes unnecessary to enter into details on the subject. The elevated standard which the learned profession must occupy in public esteem makes it the imperative duty of courts to exact a rigid compliance with a rule calculated to enhance the honor and usefulness of the profession, even when the transaction shows no unfairness of dealing or desire to obtain undue advantage. In our opinion, the present instance presents a dealing of that character, and our conclusions can justify no inference to the detriment of this plaintiff. But under our sense of duty we cannot escape the conclusion that his purchase of the claim now in suit is stricken with the nullity contemplated by the article now under consideration. Buck & Beauchamp vs. Blair & Buck, 36 Ann. p. 16; Duson vs. Dupré, 33 Ann. 1131; Watterson vs. Webb, 4 Ann. 173.

We are not yet informed by the judge who tried the case below as to which of the defenses prevailed in his mind, but we reach the same conclusions on the merits of his decree, in so far as it affects the rights of W. R. Mills.

But nothing in our decree or in our opinion is to be construed as affecting the rights of the original plaintiff under the issues raised by the defendant's answer, as she was not a party to the appeal.

Judgment affirmed.