### No. 9024.

### Felix Duplessis vs. Adolph H. Siewerd et al.

The action to annul a judgment for fraud of the plaintiff must be brought within a year after its discovery, and the interruption begins from the service of the citation and not from the filing the suit.

APPEAL from the Twenty-fourth District Court, Parish of Plaquemines. *Livaudais*, J.

*E. Howard McCaleb* for Defendants and Appellees.

The opinion of the Court was delivered by

MANNING, J.   A judgment was rendered against the plaintiff in favor of the defendant on March 24, 1882.   This suit is to annul that judgment on the ground that it was obtained by fraud and ill-practice.

The judgment was a confirmation of a default, and the alleged fraud is a deception charged to have been practiced upon Duplessis by the attorney of the defendant in this;—that he was advised by that attorney not to employ a lawyer to defend the suit as it would be compromised, that he offered a compromise which was accepted, and when calling on the attorney to perfect it, he was put off on the pretext of pressing business from time to time until the day when, to his great consternation, he was served by the sheriff with the notice to vacate, this being the first intimation he had of the existence of the judgment.   There is much more of like tenor.

It is a fabrication out of whole cloth.   The plaintiff himself on the witness stand says he knew of the judgment the day after it was rendered.   It was not signed till a week after that, during which time he had ample opportunity to have taken any measures open to him, and this was of course some time before service of the sheriff's notice.

The story of the attorney's alleged deceit and cozenage is rejected without hesitation.   Mr. M'Caleb's character and uniform conduct forbids a moment's credence being given to it.   He denies it *in toto* as a witness and is fully corroborated by those who were present, even by the plaintiff's sister.

Prescription would have barred the present suit even if not against the plaintiff on the merits.   That of one year was pleaded.   This suit was instituted, that is to say was filed, March 3, 1883 within the year, but citation was not served until Sept. 4, 1883.

The action to annul a judgment for fraud must be brought within the year of its discovery, and the year must be reckoned from the date of service and not from the filing of the suit.   Code Prac. art. 613; Stafford v. Smith, 6 La. 91; Rev. Civ. Code, art. 3518.

Judgment affirmed.