## WILLIAMS v. BUSH.

### No. 5670.

Court of Appeal of Louisiana. Second Circuit.

June 1, 1938.

Rehearing Denied June 30, 1938.

Certiorari Denied Oct. 31, 1938.

Wm. C. Boone and W. W. McDonald, both of Shreveport, for appellant.

John B. Files, of Shreveport, for appellee.

DREW, Judge.

For a cause of action plaintiff filed the following petition:.

"1. That petitioner is the lawful owner of one-half of the minerals in and under the following described property situated in Caddo Parish, Louisiana, to-wit: E½ of the NW¼, NE¼ of the SW¼; NW¼ of the SE¼; W½ of the NE¼, and the NE¼ of the NE¼, Section 9;. and the E½ of the SE¼ of Section 4, Township 15, Range 15 West, having acquired said above described property in fee several years ago from W. W. Williams, Charles M. Millener, A. M. Thomas, and the heirs of P. P. Butler, later selling said property with the reservation of mineral rights as above set forth, all of which will be more fully shown on trial hereof.

"2. Petitioner shows that in suit No. 55,-229, First District Court, Caddo parish, La., Hicks Company, Ltd., of Shreveport,

La., obtained a judgment against petitioner in the approximate sum of $572.63, with legal interest from October 28, 1930, until paid, all of which will be more fully shown on trial hereon.

"3. Petitioner shows that Mrs. Annie V. Massingill, a resident of Caddo parish, La., claiming to have an interest in said above mentioned judgment, caused a writ of fieri facias to issue in the above styled and numbered suit, and under said purported writ caused to be seized the minerals, or mineral rights, owned by petitioner, as described in paragraph 1 of this petition, as same will be more fully shown on trial hereon.

"4. That under the above mentioned purported writ of seizure and sale, the said Mrs. Annie V. Massingill, through her attorney and brother, Bryan E. Bush, a resident of Caddo Parish, La., caused petitioner's one-half interest in the minerals in and under the above described property purportedly to be sold by the sheriff of Caddo Parish, La., on the 7th day of July, 1937, at which illegal and purported sale the said Bryan E. Bush, defendant herein, purported to buy petitioner's interest in said minerals for a purported consideration of $400.00, all of which will be more fully shown on trial hereon.

"5. Petitioner shows further that Mrs. Annie V. Massingill has never owned, and did not own, so far as petitioner has any knowledge, the judgment of the said Hicks Company, Ltd., against petitioner herein referred to, at either the time of the seizure, or subsequently, at the time of the purported sale of petitioner's property, as above set forth, but that the whole of said procedure of seizure and sale was inspired by the malicious, fraudulent and illegal acts of the said defendant, Bryan E. Bush, whom petitioner is informed was without authority from Hicks Company, Ltd., to seize and offer for sale petitioner's property, as same will be more fully shown on trial hereof.

"6. That at the time of the seizure and purported sale of petitioner's property, as above set forth, petitioner, through his attorney, had arranged a definite settlement with the said Hicks Company, Ltd., on behalf of petitioner of the judgment referred to, and same had been compromised for the sum of $200.00, which compromise agreement was awaiting early consummation at the time of the seizure of petitioner's property, as herein set forth.

"7. Petitioner shows that on the 6th day of July, 1937, he instituted injunction proceedings in the district court of Caddo Parish, La., to restrain the sheriff of said parish from selling or from offering for sale the property of your petitioner, as above described, and in connection therewith furnished bond with good and solvent surety; that an order was granted by the Honorable J. H. Stephens, one of the Judges of said court, restraining said sheriff of Caddo parish, La., from conducting said contemplated sale; that subsequently, acting upon the advice of his ten attorney, petitioner furnished a supplemental bond, notwithstanding the fact that said bonds were legally sufficient, the Clerk of the district court of Caddo parish, La., refused to issue the restraining order of the court, and the sheriff of Caddo parish, La., refused to halt the sale of the above mentioned property of petitioner, all of which will be more fully shown on trial hereof.

"8. Petitioner shows that, accordingly, his above described property was offered for sale, and purportedly sold by the sheriff of Caddo parish, La., on the 7th day of July, 1937, to Bryan E. Bush, defendant herein as same will be more fully shown on trial hereof.

"9. That at the time of the purported sale of petitioner's property, as herein set forth, the sheriff of Caddo parish, La., had actual knowledge of the restraining order of the Honorable First Judicial District Court; that the sufficiency of the surety on petitioner's original bond was never legally controverted; that petitioner was never served with any notice contemplated by law of the insufficiency of said surety, and that he executed supplemental bond upon the advice of his then attorney in error, and without knowledge that the surety on said bond had not been legally challenged, and supplemental bond unnecessary.

"10. Further alleging, petitioner shows that the purported sale of petitioner's property described in paragraph 1 of this petition on the 7th day of July, 1937, by the sheriff of Caddo parish, and the purported purchase thereof by the defendant, Bryan E. Bush, is an absolute nullity, and null and void, and done to defraud your petitioner, and should be annulled, avoided and set aside by judgment of this Honorable Court, and the purported act of conveyance thereof by the sheriff of Caddo parish to the said defendant, Bryan E.

Bush, should be cancelled and erased from the conveyance records of Caddo parish and petitioner decreed to be the true and lawful owner thereof.

"Wherefore, petitioner prays for service hereof and citation upon the said defendant, Bryan E. Bush, according to law, and finally, after all legal delays and judicial proceedings had, there be judgment herein in favor of petitioner, Reuben J. Williams, and against the defendant, Bryan E. Bush, decreeing null and void and of no effect the purported sale by the sheriff of Caddo parish, La., on July 7, 1937, of the one-half interest of petitioner in the minerals in and under the following described property situated in Caddo parish, La., to-wit: E½ of the NW¼, NE¼ of the SW¼; NW¼ of the SW¼; W½ of the NE¼; and the NE¼ of the NE¼, Section 9; and the E½ of the SE¼ of Section 4, Township 15, Range 15 West, to the said defendant, Bryan E. Bush, and recognizing and decreeing petitioner to be the true and legal owner thereof. Prays further that the purported act of conveyance from the sheriff of Caddo parish, La., to the said defendant, Bryan E. Bush, of petitioner's one-half interest in the minerals in and under the above described property, of date July 7, 1937, and recorded in Conveyance Book 383, page 127, of the Conveyance Records of Caddo parish, La., be ordered cancelled and erased therefrom. Prays further for all orders and decrees necessary and for general and equitable relief."

Defendant filed an exception of no cause or right of action. The lower court sustained the exception of no cause of action and, on application for a rehearing, plaintiff was given ten days to amend his petition. He filed the following amended and supplemental petition:

"1. That he adopts each and every allegation of his original petition filed herein on July 14, 1937, other than where specifically modified, particularized and explained herein.

"2. Specifically adopting paragraph 10 of his original petition, your petitioner avers that said purported sale of his property as set forth in said petition should be set aside, annulled, avoided and declared of no effect in law for the further following reasons:

"3. That the obligation of your petitioner herein as evidenced by said judgment in favor of Hicks Company, Ltd., had been extinguished by a transaction or novation made by your petitioner with Hicks Company, Ltd., before the date of the writ of fieri facias issued herein against your petitioner.

"4. That a few days time had been granted to your petitioner by the said Hicks Company, Ltd., for paying the new obligation agreed upon by Hicks Company, Ltd., and your petitioner, and that said time agreed upon for your petitioner to pay the new obligation had not expired on the date of the issuing of the fi. fa. in this cause on March 17, 1937.

"5. That your petitioner had therefore bought the judgment of the Hicks Company, Ltd., against him for a specified amount, on said time as credit, and thereafter the Hicks Company, Ltd., did not have right or title to sell said judgment to Bryan E. Bush or to Mrs. Annie V. Massingill, his sister, nor did the said Hicks Company, Ltd., Bryan E. Bush, attorney, or Mrs. Annie V. Massingill have a legal right to have a writ of fi. fa. issued thereon on March 17, 1937.

"6. That, therefore, the said Bryan E. Bush and the said Mrs. Annie V. Massingill could not have had and did not have any interest in said judgment of the Hicks Company, Ltd., against your petitioner at the time of the issuance of the said writ of fi. fa. in this cause, and neither could they ever have any interest in said judgment that had already been sold, by transaction or novation and/or contract, unto your petitioner.

"7. That your petitioner set forth sufficient facts and averments in his petition filed July 6, 1937, for injunction to restrain the pretended sale of his property on July 7, 1937, for said restraining order to have been issued without bond, even though your petitioner offered good and solvent surety for the amount of the bond fixed by your Honorable Court in his said order without acceptance by the Honorable Clerk of Court, First Judicial District, Caddo Parish, La., all as alleged in your petitioner's original petition filed herein, and therefore your petitioner made every effort legally required of him to stop the said pretended sale.

"8. That the mineral rights seized herein are mineral servitudes and therefore could not be made legally liable for the payment of debts.

"9. That at the time of said pretended sale of your petitioner's mineral rights, the return date for said writ of fi. fa. had expired and the pretended sale under said writ was illegal, null and void.

"10. That your petitioner firmly believes and therefore avers that the said Bryan E. Bush, attorney, furnished the money, if any money were ever actually used, unto his sister, Mrs. Annie V. Massingill, for the pretended purchase of the aforesaid judgment of Hicks Company, Ltd., against your petitioner, or else that the said Bryan E. Bush, attorney, solicited the opportunity of business from Hicks Company, Ltd., of exciting and/or fomenting · the said foreclosure suit against your petitioner, all contrary to law covering actions of attorneys in such matters.

"11. That at the time of said pretended sale of your petitioner's, rights, and especially before his sister's pretended purchase of said judgment, as well as previously thereto, the said Bryan E. Bush, attorney, well knew the facts and circumstances regarding your petitioner's efforts of settlement with the said Hicks Company, Ltd., on said judgment, had been informed that your petitioner had made an arrangement with Hicks Company, Ltd., for the liquidation of said judgment; that your petitioner had extinguished said judgment by a new transaction or novation or agreement or contract, and that your petitioner fully intended all along to carry·out said arrangement and agreement with Hicks Company, Ltd., had the said Bryan E. Bush, attorney, not projected himself and his sister into the matter.

·' "12. That therefore the matters involved at the time of the sale of your petitioner's rights were litigious, and· the transaction, novation and property rights were litigious, and therefore the said Bryan E. Bush, attorney, could not legally purchase said litigious rights in the jurisdiction of the court in which he exercises his duties, and the purported sale of your petitioner's rights unto the said Bryan E. Bush, attorney, at said pretended sale by the sheriff of Caddo parish, La., should be declared a nullity, void and of no effect. C.C. 2447; C.C. 2653.

"13. Your petitioner further shows that the said Bryan E. Bush, attorney, some several years ago, purchased some 240 acres of the land involved in this matter, and in 1934, gave an oil and gas lease to W. F. Hyde thereon, and again in 1936 gave a ten-year lease on the same land to N. J. Hunter, receiving $240.00 in cash, none of which was offered your petitioner even though your petitioner owned an undivided half interest in the minerals thereunder; that when he learned that he did not own all of the minerals under said lands, he immediately proceeded to find some way to maliciously and fraudulently defraud and swindle your petitioner out of his just and legal interests and rights in said minerals; all as will be shown hereinbelow.

"14. That the said Bryan E. Bush, attorney, has made every effort to purchase other judgments against your petitioner, even purchasing one old judgment that had already been paid and settled in full, and one other judgment that your petitioner was paying weekly thereon, all in order that he might secure sufficient credits against your petitioner so that he might, even though a national depression has been on for many years, foreclose and purchase said minerals at ridiculously small consideration; that the evidence which will be produced on trial hereof will substantiate fully the above statements.

"15. Furthermore, that the said Bryan E. Bush, attorney, has at times and places, and particularly at the hearing of plaintiff's application for a debt moratorium before Mr. N. W. Nelson, a deputy of the Moratorium Commissioner, said hearing being held in Shreveport, La., on April 2, 1937, fraudulently held himself out as representing clients who had given him no such authority, and especially is this true when he set forth at said hearing that he represented Mrs. W. H. Alexander, all as will be shown on trial hereof.

"16. Furthermore, that the said Bryan E. Bush, attorney, just after he had purchased the judgment of the Keno Supplies, Inc., against your petitioner, then, gained information from your petitioner of another judgment against your petitioner, and your petitioner informed said Bryan E. Bush, attorney, believing the said Bryan E. Bush was his friend and would assist him, that there was the judgment of the Hicks Company, Ltd., against your petitioner, but that your petitioner had bought it and had arranged for full settlement ,of said matter, as set forth in the original petition.

"17. But that regardless of the fact that your petitioner had faith in the said Bryan E. Bush, attorney, and expected his legal

assistance in closing out the matter with the said Hicks Company, Ltd., said faith in said attorney being based on the fact that said attorney had at another time been your petitioner's counsel and attorney, the said Bryan E. Bush, attorney, fraudulently endeavored to purchase the said judgment, or else did fraudulently purchase it in his own name, or in the name of Mrs. Annie V. Massingill, all against the interest of your petitioner, and as set forth hereinabove, and all contrary to the faith your petitioner had therein said attorney.

"18. That strict equity and true justice should be applied herein.

"Wherefore, your petitioner prays that he may be allowed to file this supplemental and amended petition; that same may be allowed; that the said defendant, Bryan E. Bush, be duly and legally cited with copy thereof; and that, after all legal delays and judicial proceedings had, there be judgment in favor of petitioner, Reuben J. Williams, and against the said defendant, Bryan E. Bush, decreeing null and void and of no effect the purported sale by the sheriff of Caddo parish, La., of your petitioner's property, all as set forth in the prayer of your petitioner's original petition herein, praying for all costs and for all general and equitable relief."

Defendant filed an exception of no cause or right of action to this petition and the lower court sustained the exception of no cause of action and dismissed plaintiff's suit. From that judgment plaintiff has prosecuted this appeal.

In this court, plaintiff, in his brief, relies principally, if not entirely, upon the allegation that the writ had expired and the allegation that Bryan E. Bush, an attorney, had furnished the money to his sister to buy a litigious right. The judgment acquired by the sister of Bush was final and there was no contest at the time it was acquired. If we could hold she was only an interposed person or that Bush acquired the judgment direct, the contention on this point is without merit for it was not a litigious right. Marshall v. McCrea, 2 La.Ann. 79; State v. Nix, 135 La. 811, 66 So. 230; McClung v. Atlas Oil Company, 148 La. 674, 87 So. 515.

The fi. fa. was issued in the case, according to the allegations of plaintiff's petition, on March 17, 1937. On April 2, 1937, a debt moratorium was granted to defendant, expiring June 5, 1937. The property was sold at public sale by the sheriff on July 7, 1937. It necessarily had to be advertised for thirty days. Deducting the time the moratorium was in effect, from the date of the issuance of the fi. fa. until the date of sale, only 57 days had expired; therefore, the fi. fa. had not expired, it being good for 70 days.

Section 5 of the Moratorium law, which is Act No. 2 of 1936, provides as follows:

"That where proceedings have been commenced before any court of this State to enforce the payment or collection of any debt (as herein defined), public or private, or for enforcement or foreclosure of any lien, privilege or mortgage securing the same, the Debt Moratorium Commissioner shall have jurisdiction thereof under Section 4 of this Act; and the debtor shall have the right for relief in any and all cases, any provisions in the evidence of the indebtedness or the terms of the contract to the contrary notwithstanding, and upon the filing in said court of the order or judgment of the Debt Moratorium Commissioner, all orders, decrees or judgments of said court and all laws or parts of laws authorizing such proceeding in said court shall be suspended during the period stipulated by the Debt Moratorium Commissioner in said order."

And Section 4 of the Act provides for a suspension of proceedings under a fi. fa. The granting of a debt moratorium does not nullify a writ of fi. fa. It merely suspends it during the time of the moratorium, and that time cannot be computed in arriving at the expiration date of a fi. fa. once issued.

We think there is no merit in the two above discussed contentions of plaintiff.

The allegations of fraud made against defendant are purely conclusions, and no facts alleged upon which to base the conclusions. The allegation that the sheriff sold the property while a restraining order was in effect falls of its own weight, since plaintiff alleged the restraining order was never issued by the clerk. Neither the clerk nor the sheriff was made a party to this suit.

The other allegations of novation and compromise of the judgment with the original judgment creditor, are likewise conclusions, as the further allegations show that a compromise was only pending and had never been completed. Until the

compromise was final and the judgment erased from the mortgage records, defendant was justified in acquiring it from the judgment creditor. If the judgment creditor has violated any agreement with plaintiff in assigning the judgment, it is a matter between plaintiff and the original judgment creditor, and not with defendant.

The allegation that defendant was without interest in the judgment is, if he has any interest therein, plaintiff does not know of it. Such an allegation will not sustain a cause of action.

We are convinced the judgment of the lower court sustaining the exception of no cause of action is correct, and it is affirmed, with costs.