4 173
110 355

## Watterston v. Webb, Administrator.

Article 2422 C. C. which prohibits attornies from purchasing litigious rights which fall within
the juridiction of the courts before which they practice, under the penalty of nullity, and
the payment of all costs, damages and interest, is imperative; and the fact that the at-
torney had no connection with the litigation, and that the purchase appears to have been
fair, cannot exempt the purchaser from the operation of that article.

WATTERSTON
v.
WEBB.

APPEAL from the District Court of St. Helena, *Penn*, J. *Watterston*, appellant, *pro se*. *Bullard* and *Frost*, on the same side. *Merrick*, for the defendant. The judgment of the court was pronounced by

EUSTIS, C. J. This is an appeal from a judgment of the court of the Eighth Judicial District dismissing the plaintiff's petition, on the ground that his action could not be maintained because it was founded upon a litigious right purchased by him, he being an attorney at law practising in the court before which the right was to be enforced. The plaintiff has taken this appeal. It appears that a judgment was rendered in the late court of Probates of St. Helena against *Webb*, as administrator of the succession of *Stephenson*, from which an appeal was taken by *Webb* to this court. It was filed on the 10th February, 1846, and judgment was rendered on the 10th May, 1847. The judgment was in favor of the New Orleans Gas Light and Banking Company; and by an act of sale passed before a notary in New Orleans, on the 17th of February, 1847, pending the appeal, the plaintiff became the purchaser from the bank of this claim against the succession of *Stephenson*, together with a large number of other claims, many of which were considered desperate or doubtful. The plaintiff had no connection with the litigation between the bank and *Webb*, and the purchase appears to have been a fair one. Article 2422, which prohibits attorneys from purchasing litigious rights which fall within the jurisdiction of the courts before which they practice, under the penalty of nullity and the payment of all the costs, damages and interests, is imperative, and the district judge did not err in giving it effect.

*Judgment affirmed.*