Duson, Curator, et al., vs. Dupré et al.

## No. 1127.

C. C. DUSON, CURATOR, ET AL., VS. LASTIE DUPRÉ ET AL.

The sale of Plaintiffs' interest in the land sued for in a petitory action, for a fixed price and without warranty, is the sale of litigious rights, and the vendee being the sheriff of the court in which the suit is pending, such sale is null and void.  The fact that the suit is still carried on, after the transaction, in the name of the original Plaintiffs, does not prevent the nullity.

APPEAL from the Thirteenth Judicial District Court, parish of St. Landry.  *Ogden*, judge *ad hoc*.

*John E. King* for Plaintiffs and Appellees:

First—What the law means by the sale or transfer of a litigious right, is a sale with a fixed price. where there is no guarantee of the claim, and where the sale is at the purchaser's risk.  Unless these requirements concur there can be no sale of a litigious right.  Pothier, Vente, 583, p. 335.

Second—A sale by the heirs of their claim to a tract of land which is in litigation, for a price payable only when the litigation shall have terminated, and when the claim shall have been confirmed and validated by a judgment, is not a sale of a litigious right.  C. C. 2457, 2043, 2044.

Third—Such a sale is made with a suspensive condition, to take effect only on the happening of the stipulated event, and the claim thus purchased is not at the risk of the purchaser, while it is guaranteed to him.  C. C. 2044.

Fourth—Such a sale conveys to the purchaser neither property nor ownership in the claim purchased, the title to which remains in the seller until the event has happened which validates the claim.  C. C. 2471; 6 R. 172.

Fifth—Such a sale is not a present and executed sale, but is rather a promise to sell at a future time, when the claim shall be out of litigation, and legalized by a judgment.  C. C. 2462; 13 An. 361; 17 L. 448; 10 An. 160.

Sixth—Such a sale is a sale or promise to sell a judgment, or a valid title, neither of which is a litigious right.  6 R. 172; 2 An. 60.

Seventh—The party against whom a litigious right has been sold, may get himself released by paying to the transferee the price and interest; but to avail himself of this provision, he must pay or tender the price as soon as he is made acquainted with the transfer.  C. C. 2652; 3 An. 626.

Eighth—If the defendant, who seeks to get himself released by paying the price, continues to contest the suit, raises difficulties as to the right of the plaintiff to recover his debt, and protracts the litigation, he defeats the very object of the law, and cannot avail himself of the provisions which the law has established in his favor for the purpose of terminating litigation.  To permit him to do it, would be to defeat the very object of the law.  Pothier, Vente, 597, p. 343; 2 Troplong, Vente, 999, p. 567; 6 Marcadé, p. 355; 4 An. 105; 22 An. 342; 24 An. 249.

Ninth—The sale of a litigious claim to an attorney under C. C. 2447 does not extinguish the claim itself.  The nullity of the sale does not involve the destruction of the thing sold.  The nullity is relative and may be avoided by the debtor; but what is avoided is the sale of the litigious right, not the right itself, which may still be enforced by the vendor, though the nullity have been decreed in proceedings by the vendee against the debtor.  N. O. Gas Light Co. vs. Webb, 7 An. 168; Troplong, Vente, No. 196; Duranton, lib. 3, title 6, No. 145.

Tenth—The heirs of a vacant succession, who have not presented themselves for recognition to the Probate Judge, cannot interfere with the functions of the curator.  Until they present themselves according to law, the curator is bound to take all necessary steps for the proper settlement of the succession.  2 An. 538.

*Lewis & Bro.* for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J.  C. C. Duson, as curator of the succession of Louis Blanc, and F. F. Perrodin, as attorney of absent heirs, seek by the petitory action to recover a valuable tract of land situated in this parish, which they allege to be the lawful property of said succession and in the illegal possession of defendants.  Among other defences, the defendants urge by way of peremptory exception that plaintiffs cannot maintain this action, on the ground that since the institution of this suit, which was filed on the 24th of October, 1879, C. C. Duson purchased on the 5th of January, 1880, from the heirs of Louis Blanc, all their rights, titles and interest in and to the land in controversy; that, therefore, Duson, personally, is the real party plaintiff in interest; but that, being at the time of his alleged purchase the sheriff of the parish of St. Landry, his acquisition of the interest of such heirs, being the purchase of a litigious right, was null and void under the provisions of Art. 2447 C. C.  Plaintiffs have appealed from the judgment of the lower court, maintaining this exception and dismissing this suit.

The record shows that, by authentic act passed on January 5th, 1880, Jules A. Blanc and nine other persons, claiming to be the legal heirs of Louis Blanc, sold *without warranty* to C. C. Duson, "all their and each of their right, title, estate, claim and demand, if any they

have, both at law and equity, and as well in possession, as in expectancy in and to" the tract of land which is the subject-matter of this litigation, and which had been acquired by their ancestor Louis Blanc from the succession of Antoine Blanc.

The terms and conditions of the sale are contained in the following words:

" Thus done for and in consideration of the price and sum of twelve hundred dollars, which said Duson agrees to pay to said heirs or to each of them, in proportion to his or her several interest, *in the event of the successful recovery of said land, and immediately upon the happening of such event,*" &c.

Plaintiffs argue in the first place that this contract does not fall within the scope of the prohibition contained in Art. 2447 C. C., which reads as follows :

" Public officers connected with the courts of justice, such as judges, advocates, attorneys, clerks and *sheriffs,* cannot purchase litigious rights which fall under the jurisdiction of the tribunal in which they exercise their functions, under penalty of nullity, and of having to defray all costs, damages and interest," because the contract does not contain the elements of a sale of litigious rights, in this that the sale depended upon a suspensive condition, which was a future and uncertain event, and because the purchaser took no risk under the uncertainty of the future event, having no purchase price to pay in the event of the failure to recover the lands for the succession of Louis Blanc, and they confidently rely upon the following principle enunciated by Pothier in support of their conclusion:

"Lorsqu'une créance de cette nature est vendue à quelqu'un pour un certain prix, pour que l'acheteur la fasse valoir à ses risques et à ses frais, et sans qu'on la lui garantisse, c'est ce qu'on appelle une vente *de droits litigieux,* ou de *créances litigieuses.*"

We accept this as a correct definition of the sale of a litigious right, which is also defined in our Code, Art. 3556, paragraph 18, as a right which cannot be exercised without undergoing a lawsuit, or a right about which there exists a suit or a contestation.   C. C. Art. 2653.

We shall now examine the elements of the sale, as indicative of the intention of the parties, so as to ascertain whether the purchaser was to pursue the rights which he acquired at his risk, and whether such rights were transferred without warranty from the vendors.  A careful examination of the act shows that it is exactly what it purports to be : a *sale* by the heirs of Louis Blanc to C. C. Duson of all their rights and titles to the lands which are in suit, and in which suit, as the record shows, there was a contestation, and in which issue had been joined by the defendants.

It also appears from the act that, in addition to and immediately following the recital of the terms and conditions of the sale hereinabove quoted, the following stipulations were contained in the deed or transfer: "And *should the said Duson* recover less than the whole of said land, then he shall be bound to pay such proportion of said price as the value of the part recovered shall bear to the value of the whole." "Thus done *without any warranty* or guarantee of title whatever on the part of said heirs." We, therefore, hold that this contract contains the three essential requisites laid down by Pothier as the characteristics of a sale of a litigious right: First, it was made for a fixed and stipulated price, the sum of twelve hundred dollars; second, the purchaser was to pursue his acquired rights, or recover the lands purchased, at his own risk and expense, or, in other words, the purchaser, the sheriff of the court in which the suit was pending, was to become a litigant in the court of which he was the executive officer, for the recovery of valuable rights which he had purchased *pendente lite;* and third, his vendors were ,expressly released and exonerated from the usual warranty of vendors, touching the validity of the rights which they purported to transfer to their vendee; the purchaser was without recourse on his vendors, even if on trial their capacity as heirs· had been denied and disproved. The conclusion is, therefore, irresistible, that the rights which Duson acquired in this transaction were litigious rights, involved in a suit pending before the court of which he was the sheriff, and that his contract falls under the prohibition enunciated in Art. 244 of our Code, and is, therefore, a nullity. 9 M. 184; 4 An. 174; 7 An. 164; 25 An. 557.

Plaintiffs' counsel, in his brief, admits in so many words that, from the act the intention of the parties was manifest, that Duson was "*to prosecute this suit to final judgment,*" the very act which the provisions of the Code contemplated to prohibit.

But plaintiffs contend, in the second place, that the declaration of the nullity of the sale of the litigious right does not destroy the right itself, or affect its validity, and that this suit being in the name of the succession of Louis Blanc, and not in the name of Duson personally, should be maintained by the Court, and tried on the issue involving alone the lawful title to the lands in controversy; which issue, as to the defendants, is the same, whether presented by the succession or by the vendee of the rights of the heirs.

By his own act Duson has manifested the unequivocal intention to prosecute this suit, not for the benefit of the succession which he represents, but for his own personal advantage, in the vindication of the rights which he honestly believed to have acquired from the heirs of Louis Blanc.

His purchase having been declared a nullity, the effect of such a declaration is to re-invest those rights to the heirs, who have doubtless the power and authority in law, under proper proceedings, and with proper showing of their intention to act on the faith of the nullity thus declared in their favor, to enforce their rights and their titles to the lands in controversy. But until they have thus spoken and thus acted, courts cannot and will not anticipate the future, and must deal with the parties as they actually stand before them. By maintaining this suit, under the circumstances disclosed by the record, showing the unmistakable attitude of an officer of the District Court, seeking to enforce a litigious right acquired by him in direct contravention of a prohibitory law, this Court would itself violate a law enacted in furtherance of a wise public policy, and for the greater purity of the administration of justice. With the District Judge, we feel it our duty to exonerate this particular officer from the slightest imputation of moral turpitude, and to recognize in this transaction an honest error of judgment on his part; but it is nevertheless our duty to apply the nullity so clearly denounced by the law.

Understanding the judgment of the lower court as maintaining defendants' exception and dismissing plaintiffs' suit, without prejudice to the rights of the succession of Louis Blanc, or of his heirs, to vindicate their alleged titles to these lands by proper proceedings, we find no error in the decree rendered by the judge *a quo*.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed at appellants' costs.