(38 South. 559.)

No. 15,431.

KUCK v. JOHNSON.*

(May 8, 1905.)

BREACH OF MARRIAGE PROMISE — DAMAGES — JUDGMENT—ASSIGNMENT—APPEAL—PURCHASE BY ATTORNEY.

1. In a suit for breach of promise of marriage, the question of damages is peculiarly within the discretion of the jury or trial judge, and their finding will not be disturbed unless the amount awarded is manifestly excessive or insufficient.

2. Where the judgment rendered in such a suit was several months thereafter transferred to an attorney at law, and the defendant subsequently took a devolutive appeal, held, that he had no interest in contesting on such appeal the title of the attorney, because, if his purchase was null, as contended, the title to the judgment remained in plaintiff, who was before the court as appellee, and because, further, the purchase per se did not affect the defendant.

3. Where an attorney purchases a litigious right in the form of a judgment, the remedy of the defendant is to oppose its execution when the attorney attempts to enforce it.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Action by Mamie Kuck against William Johnson. Judgment for plaintiff, and defendant appeals. Affirmed.

Henry Laurence Lazarus, Henry Renshaw, and Herman Michel, for appellant. Lapeyre, Monroe & Breazeale, for appellee.

---

*Rehearing denied May 22, 1905.

LAND, J. Plaintiff sued defendant to recover $20,000 damages for breach of promise of marriage. Defendant appeared by counsel, and, after filing an exception of no cause of action, which was overruled, answered, pleading the general issue.

The case was tried, and judgment rendered in favor of the plaintiff for $1,000 damages. This judgment was signed on March 17, 1904. On June 19, 1904, on motion of attorneys for plaintiff, F. Rivers Richardson, as transferee, was subrogated to all the rights of Mamie Kuck in and to said judgment.

On July 19, 1904, defendant took a devolutive appeal from said judgment; citing Mamie Kuck and Richardson as appellees. Both appellees answered the appeal, praying that the amount of damages be increased to $20,000.

Defendant and appellant filed a motion in this court representing that F. Rivers Richardson is a member of the bar of this state, practicing in the civil district court of the parish of Orleans; that his so-called acquisition of the judgment was the purchase of a litigious right, in violation of an express prohibitory law, as set forth in article 2447 of the Civil Code of the state; that Richardson had caused execution to issue on the judgment herein, under which he had caused to be seized a certain suit brought by defendant against said Richardson to annul a certain judgment, etc., and moving the court to fix a day for the investigation of certain charges made in the motion against said Richardson as an attorney at law, or else that the cause be remanded for such investigation.

Suffice it to say that such charges are dehors the record, and that there is no proceeding before this court to warrant such an investigation. See rule 14, No. 11 (23 South. vi).

We have read the evidence in this case, and also the opinion of the district judge.

The only disputed issue on the trial below was as to the quantum of damages. We see no good reason to disturb the judgment. It is admitted that plaintiff sold the judgment, and consequently all of her rights in the suit, for $750. She doubtless would have been willing to take the same amount from defendant in full satisfaction of her demands.

The appellant contends that the transfer of the judgment to Richardson, an attorney at law, was the purchase by him of a litigious right, and was therefore a nullity, under the express provisions of article 2447 of the Civil Code. This issue was not raised in the court below, but has been argued by counsel on both sides. In Commission Co. v. Bond & Williams, 44 La. Ann. 841, 11 South. 220, this court said:

"This nullity, if it existed, is relative, and a civil action is necessary to have it so declared. All parties in interest must be cited, and it therefore cannot be attacked collaterally. New Orleans Gaslight Co. v. Webb, 7 La. Ann. 168."

In the same case the court also said:

"The penalty of the nullity of the purchase does not destroy the obligation, and prevent the original owner from asserting his rights."

If the transfer to Richardson was a nullity, as contended by appellant, the title of the judgment remained in plaintiff, and defendant has no interest in raising the question on this appeal. Pipes v. Norsworthy, 25 La. Ann. 557. When the question is brought before this court in some proceeding involving the right of Richardson to enforce the judgment against the defendant, it will be time enough to determine the character of his title.

We find that this view is sustained by the following quotation from the brief of defendant's counsel, to wit:

"On the contrary, the person against whom the claim has been transferred, who has not been a party to the contract, cannot set up its nullity save by way of exception, in order to defend himself against the transferee when this one demands the enforcement of the claim ceded." Citing Baudry-Lacantinerie.

The question of the correctness of the judgment is the only one before us.

The judgment is affirmed, reserving the right of defendant to contest the title of Richardson to the same in other proceedings.