(47 South. 413.)

No. 16,974.

SAINT v. MARTEL.

(June 22, 1908. Rehearing Denied October 19, 1908.)

1. LITIGIOUS RIGHT.

A right is not litigious, unless there exists a suit and contestation over the same. A title ceases to be litigious when final judgment is rendered in the cause, and its litigious character is not revived by subsequent litigation between the successful claimant and other parties, asserting title from the same author.

2. SAME—PURCHASE OF LITIGIOUS RIGHT.

Article 2447 of the Civil Code forbids the purchase, under pain of nullity, of litigious rights by attorneys and other officers of court, when they fall under the jurisdiction of the tribunal in which they exercise their functions. This nullity is relative, and can be invoked only by the party to the suit against whom the right is to be exercised.

3. APPEAL AND ERROR—REVERSAL—REMANDMENT—EXCEPTIONS.

When a suit is dismissed on an exception referred to and tried with the merits, and the judgment is reversed, the cause will be remanded for trial on the merits.

(Syllabus by the Court.)

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Albert Campbell Allen, Judge.

Action by Percy Saint against J. Sully Martel. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

Percy Saint (O'Niell & Alpha, of counsel), for appellant. Harry Darley Smith and Edward Nicholls Pugh, for appellee.

LAND, J. This is a suit brought by the plaintiff, as the assignee of J. B. Brown, to recover one-tenth of the defendant's one-tenth interest in the Jennings oil field, and for an accounting.

Defendant excepted that plaintiff, an attorney at law, had acquired from Brown a litigious right, and that, the purchase thereof being prohibited by law, plaintiff had no standing in court. This exception was referred to the merits, and after trial on the merits was sustained by the trial judge, and the suit was dismissed. Plaintiff has appealed.

In November, 1901, Laurent Arnaudet, Arthur Latreille, and Eugene Houssiere, respectively, conveyed to J. Sully Martel and D. Caffery & Son, attorneys at law, one undivided fifth interest in three certain tracts of land, in the parish of Acadia, in consideration of professional services rendered and to be rendered to them in legal matters, and especially in the pending suit in the district court of said parish, entitled "Corkran Oil & Development Co. v. Laurent Arnaudet et al." This suit was decided in favor of the defendants in the lower court, and the judgment was affirmed by the Supreme Court in November, 1903. 111 La. 563, 35 South. 747.

On October 26, 1903, J. Sully Martel sold for a valuable consideration to James B. Brown one-tenth of whatever hope, right, title, or interest he had or might have in the Corkran suit and other named suits, being further described as his interest in the Jennings oil field, in the parish of Acadia, in-

cluded in sections 47, 46, 41, 38, and 52; also 2,500 shares in the Evangeline Oil Company, organized to operate in said oil field. Brown agreed, "without personal obligation," to aid Martel and Caffery & Son in bringing about the very best results to all concerned in the suits and matters referred to in the agreement. Subsequently a litigation arose between Martel and the Cafferys on one side and the Jennings-Heywood Syndicate on the other over the Arnaudet tract of land. This litigation terminated in March, 1905, in a final judgment in favor of the former, recognizing them as the owners of an undivided fifth interest in said tract and in all the oil produced therefrom. The case was remanded for the purposes of an accounting. See Martel v. Jennings-Heywood Oil Syndicate, 114 La. 351–360, 38 South. 253.

Houssiere, Latreille, Martel, and the Cafferys organized the Houssiere-Latreille Oil Company, which soon was involved in a series of suits with the Jennings-Heywood Oil Syndicate. The main suit was decided in favor of the Houssiere-Latreille Oil Company on June 28, 1907. See 119 La. 793, 44 South. 481.

On the 14th day of March, 1907, James B. Brown sold to Percy Saint for the price of $8,000 all the rights he had acquired from J. Sully Martel by virtue of the sale of date October 26, 1903. The deed further recites as follows:

"Said J. Sully Martel having already reduced to possession his one-tenth interest in and to said section 47, and there is hereby sold to Percy Saint an undivided one-hundredth part of section 47, township 9 S., range 2 W., with full and general warranty of title."

At the time of this purchase by the plaintiff herein the suit of Martel v. Syndicate, supra, was pending for the purposes of an accounting, and the suit of the oil company against the oil syndicate was pending on appeal in the Supreme Court, 119 La. 864, 44 South. 510.

In Martel v. Syndicate the title of the plaintiffs therein to the Arnaudet tract had been irrevocably fixed as to the land and the oil, and the only question remaining was as to the cost of producing and storing the oil under seizure. Hence, at the date of plaintiff's purchase from Brown, the right of Martel to the land and oil was not in litigation. As to the Houssiere-Latreille lands, the interest of Martel therein had been converted into shares of stock. It is admitted that Martel transferred to Brown $10,000 worth of this stock, and that Brown transferred the certificate to the plaintiff herein. This stock was not in litigation. The lawsuit was over the company's interest in the Latreille tract. The syndicate conceded that the company was entitled to one-eighth of the oil. There does not seem to have been any litigation over the Houssiere tract. Martel, having received stock for his interest, ceased to be the owner of any mineral rights in the soil. Martel was no party to the litigation with the syndicate. There was no litigation between Martel and Brown.

A right is said to be litigious when there exists a suit and contestation on the same. Civ. Code, art. 2653. He against whom a litigious right has been transferred may get himself released by paying the transferee the real price of the transfer, together with the interest from its date. Civ. Code, art. 2652. This right, too, can only be exercised pendente lite. Marshall v. McCrea, 2 La. Ann. 80; McMicken v. Perin, 18 How. 510, 15 L. Ed. 504; Cucullu v. Hernandez, 103 U. S. 105, 26 L. Ed. 322. The only penalty denounced against the sale of a litigious right is that prescribed by article 2652, supra. It follows that the vendor of a litigious right has no standing to complain of the transfer. Hence the sale from Martel to Brown cannot now be assailed by any one on ground that it was a transfer of a litigious right.

Article 2447 of the Civil Code forbids the

purchase of litigious rights by attorneys when they fall under the jurisdiction of the tribunal in which they exercise their functions, under the penalty of nullity. A right is not litigious unless there exists a suit and contestation over the same. Sanders v. Ditch, 110 La. 884, 34 South. 860. There was no suit pending between Martel and Brown. The most that can be said is that both of them had a common interest in the successful termination of the suit of Houssiere-Latreille Oil Company v. Jennings-Heywood Oil Syndicate, and in the result of the accounting ordered in the suit of Martel et al. v. Same Syndicate. Martel was no party to the first suit, and had no litigious right therein to transfer to any one. The second suit had terminated on the question of title to the land and oil, and the only remaining issue was a counterclaim for costs and expenses urged by the defendants. It has been held in several cases that the nullity denounced in article 2447 is a relative nullity in the interest of those whose rights are violated. Lane v. Cameron & McNeely, 36 La. Ann. 778; Kuck v. Johnson, 114 La. 783, 38 South. 559.

The exception predicates that the defendant in the year 1901 purchased certain litigious rights involved in the Corkran suit, that such rights were by him sold to Brown in 1903, and that Brown conveyed the same to the plaintiff in 1907. The rights involved in the Corkran suit were finally determined prior to the year 1907. At the date of the plaintiff's purchase from Brown, other litigation was pending between different parties and on different issues. In one of these suits the title of the defendant had been affirmed. In the other the title of the company, in which defendant was a stockholder, has since been adjudged. Brown purchased an interest in defendant's interest in the title which was litigated in the Corkran suit. This title ceased to be litigious when judgment was rendered in favor of the defendants in that

122 LA.—4

suit. The subsequent litigation, as far as defendant and Brown were concerned, had for its object the enforcement of the title acquired by the defendant as the result of the judgment in the Corkran suit. In this litigation the defendant appeared for himself and Brown to protect their common interest in the mineral lands in dispute. The rights of Brown had been fixed before this litigation commenced, and there was no transfer to him of any new or additional rights. Hence the sale from Brown to the plaintiff was not the transfer of a litigious right, but the conveyance of rights which had long since ceased to be litigious. There was no litigation pending between Brown and the defendant as to the existence or extent of such rights.

The defendant has no interest in assailing plaintiff's title, as his defenses are not affected by the transfer.

The case was not decided on its merits, and therefore must be remanded. Conery v. Waterworks Co., 39 La. Ann. 773, 2 South. 555.

It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that the exception of no cause of action be overruled, and that this cause be remanded for further proceedings according to law; costs of appeal to be paid by the defendant, and the costs below to abide the final result.