SWORDS v. CORTINAS

(April 26, 1926, Opinion and Decree)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Litigious Rights— Par. 4.**

The prohibition of a sale of litigious rights to public officers connected with Courts of Justice mentioned in Article 2447 of the Civil Code is in the interest of the plaintiff and defendant in the suit the object of the sale and not of the transferee, and therefore the latter cannot urge the nullity of the sale, which is only relative and not absolute.

Appeal from First City Court, Division "B", Hon. Val. J. Stentz, Judge.

Action by Alex W. Swords against J. M. Cortinas. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Louis E. Jung, of New Orleans, attorney for plaintiff, appellee.

W. W. Wall, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. The plaintiff, as assignee for part of a claim sues the defendant who promised to pay it.

The facts are that Louis Yuacio contracted with Mrs. Massa to repair her property for the sum of $4425; that Yuacio complied with his contract; but that Mrs. Massa did not; that Yuacio sued Mrs. Massa for the payment of said $4425;

That on December 11, 1922, Yuacio transferred all his interest in said suit to the defendant Cortinas on certain conditions;

That on May 11, 1923, a further agreement was made by which Cortinas was to be responsible for all bills contracted by Yuacio; that Cortinas was to prosecute the suit against Mrs. Massa and out of the sum recovered was to pay himself $3925 and Yuacio $500, and was not to compromise the suit for less than $4425 without being personally responsible to Yuacio for $500;

That Yuacio became suspicious that Cortinas was charging him with more bills than he, Yuacio, had contracted for the repairs of the building and for that reason, on April 23, 1923, he employed Alexander W. Swords, an attorney at law of this city, for the purpose of investigating these bills.

On May 7, 1924, an agreement was made between these three parties by which Yuacio admitted being indebted unto Swords in the sum of $170 for the services rendered in the above matter, in full acquaintance and discharge of said indebtedness Yuacio transferred whatever interest up to $170, he might have under the agreement of May 11, 1923, to Swords who accepted the same in full payment of his services; and Cortinas agreed to carry out the original agreement of May 11, 1923,

by substituting Swords in the place of Yuacio.

On September 20, 1924, Cortinas compromised the suit against Mrs. Massa for $2450 and refused to pay $170 to the plaintiff; hence this suit.

The defense is that it was impossible for the plaintiff, an attorney at law, to purchase a litigious right, and that he acquired no right of action by that purchase in violation of the law.

There was judgment for plaintiff and defendant appealed.

Defendant relies upon Article C. C. 2447 (2422) which reads as follows:

"Public officers connected with Courts of Justice such as judges, advocates, attorneys, clerks and sheriffs, cannot purchase litigious rights, which fall under the jurisdiction of the tribunal in which they exercise their functions, under penalty of nullity, and of having to defray all costs, damages and interest."

That article being in restraint of individual right must be strictly interpreted and applied only to the parties intended to be reached. 6 C. J. 619; 11 C. J. 238.

A familiar rule of interpretation of statutes is to discover their object and the evil which it was their purpose to prevent. C. C. 18. Article 2447 was enacted for the purpose of protecting possessors of litigious rights against the influence of judicial officers who might take advantage of their position to induce these possessors to transfer their rights to them at a sacrifice on false representations as to their value, or chances of success, or recovery, or as to the justice they might ex-

pect from the courts; and also to prevent these officers after they had acquired these rights, from unjustly influencing the courts against the defendants or debtors. It will therefore be seen that the article was passed in the interest of the transferor and plaintiff creditor and of the defendant and debtor, and not of the transferee.

The law looked with suspicion upon the transferee, and threw the shield of its protection over both the plaintiff and defendant.

It feared that the transferee might take an undue advantage of his position, and in order to avoid the necessity and scandal of proof thereof it declared that as far as the transferee was concerned he could acquire no rights.

In this case the transfer by Yuacio to Cortinas has borne its fruits.

By virtue of it Cortinas collected of the defendant $2450. By its provision, Cortinas agreed to pay Yuacio $500; subsequently he acknowledged a transfer of this sum from Yuacio to Swords the plaintiff up to the amount of $170 and agreed to carry out his original agreement by "substituting Swords to Yuacio". Cortinas has reaped the advantage of his contract with Yuacio and it would be inequitable to permit him to repudiate his obligations under it. *Qui sentit commodum, debet sentire et onus*". Fortunately the law will not permit him to do so.

Accordingly the jurisprudence of our State has been that the nullity resulting from a purchase in violation of Article 2447 is only relative, in the sense that only one whose right is violated can invoke it. New Orleans Gas and Light Company vs. Webb, 7 La. Ann. 164; Lane vs. Cameron, 36 La. Ann. 778; Kuck vs. Johnson, 114 La. 783, 38 South. 559; Gilkeson Sloss Commission Company vs. Bond and Williams, 44 La. Ann. 841, 11 South. 220; Saint vs. Martel, 122 La. 93, 47 South. 413.

In this opinion our Supreme Court is supported by the great majority of French commentators upon the similar Article 1597 of the Code Napoleon.

Baudry-Lac in Vol. 17, p. 214, S. 266 says:

"We think the nullity is of a private order and purely relative; it can be set up only by those whom the law has intended to protect, that is by the transferor, who is supposed to be the victim of the influence exercised over him by the transferee by reason of his quality, and by the debtor in order to allow him to escape from an unequal combat with unequal arms to which he did not expose himself willingly. But we cannot admit that the transferee can avail himself of the fact that he has violated the prohibition pronounced against him, in order to annul a transfer of which the other interested parties do not complain. It is not for his benefit, but against him, that the nullity is pronounced. How could he be permitted to take advantage of it?"

Cortinas has not been injured by the transfer from Yuacio to Swords. He has not been cut off from any defenses against Yuacio. The only effect of the transfer has been the substitution of one creditor for another. Even were the transfer annulled Yuacio would at once resume his quality of creditor of Cortinas.

See also 4 Aubry & Ray, p. 453, note 3 S. 359; 16 Duranton, p. 174 S. 145.

Laurent differs in opinion.

He thinks that the nullity is one of public order, and that it is absolute. But he says in Vol. 24, p. 74 S. 63:

"The contrary opinion is generally admitted * * * authors agree only upon one point, that is that the transferee has no action in nullity, since it is against him that the prohibition is established."

It is therefore ordered that the judgment be affirmed.