(114 So. 78)

No. 28405.

STAFFORD v. NATIONAL FIRE INS. CO. OF HARTFORD.

July 11, 1927. Rehearing Denied Oct. 4, 1927.

*(Syllabus by Editorial Staff.)*

1. Champerty and maintenance ⊕⟹5(6)—Litigious rights; attorney purchasing interest of litigant held not entitled to recover thereon (Civ. Code, arts. 2447, 2653).

Under Civ. Code, art. 2447, forbidding purchase of litigious rights by certain persons, and article 2653, defining litigious right, attorney purchasing interest of litigant in action cannot recover thereon.

2. Appeal and error ⊕⟹236(2), 253—Plaintiff permitting case to go to judgment without excepting to filing of supplemental answer and seeking to have it stricken cannot raise propriety thereof on appeal.

Plaintiff permitting case to go to judgment without excepting to filing of supplemental answer or seeking to have it stricken from record cannot raise propriety of such action on appeal.

Appeal from Civil District Court, Parish of Orleans; M. M. Boatner, Judge.

Action by Ethelred M. Stafford against the National Fire Insurance Company of Hartford. From a judgment for plaintiff, defendant appeals. Judgment set aside, and plaintiff's suit dismissed.

Spearing & Mabry, of New Orleans, for appellant.

James G. Schillin, of New Orleans, for appellee.

BRUNOT, J. This is a suit upon a fire insurance policy for $3,200. The contract of insurance was written in the name of Hugh Ritchie, the owner of the property. While the contract was in force, Ritchie executed a mortgage upon the property in favor of Schill for $3,200, and gave Schill his promissory note, properly identified with the act of mortgage, for that amount. About two months thereafter the defendant company attached a rider to the insurance policy containing a mortgage clause with full contribution payable to Ellie H. Schill. When the mortgage note fell due, Schill proceeded via executiva. The mortgaged property was seized under the process and advertised for sale, whereupon Ritchie filed a petition in which he prayed in the alternative for an injunction restraining the seizure and sale of the property or restraining its sale except and to the extent of satisfying the claim of Schill up to the sum of $1,500. The court ordered the sale, but enjoined Schill from collecting out of the proceeds realized therefrom more than $1,500, with 8 per cent. per annum interest from May 28, 1923, and 10 per cent. attorney's fees on the aggregate of said sum and interest. From this order Schill appealed. While the appeal was pending in this court, the insured buildings were destroyed by fire. When they were

burned there was outstanding concurrent insurance upon them, which was written by the Mercantile Insurance Company and the New Hampshire Insurance Company. These policies were for $8,000 and $500, respectively. The proofs of loss resulting from the fire were made, and E. M. Stafford, the plaintiff in this suit, acting for Ritchie, effected an amicable settlement with the Mercantile Insurance Company through its adjusters. This settlement was made in the form of a written agreement and appears in the transcript at pages 26, 27. It is not shown whether or not the New Hampshire Insurance Company paid its proportionate share of the loss, but the defendant company declined to pay anything. While the matter was in this situation, E. H. Schill made the following assignment to Mr. Stafford:

"Know all men by these presents that I, Ellie H. Schill, do by these presents sell, assign, transfer, set over, abandon, and deliver unto E. M. Stafford, here present accepting and purchasing for himself, his heirs, and assigns, all and singular all right, title, and interest which the said E. H. Schill has in the cause entitled E. H. Schill v. Hugh Ritchie, No. 152996 of the docket of the civil district court for the parish of Orleans, in the foreclosure proceedings instituted by the said E. H. Schill, subrogating and transferring to the said E. M. Stafford, all rights of ownership in and to the said cause and said mortgage note, as on file in the registry of the civil district court, together with all rights in the policies of insurance carried for the protection of said mortgage.

"The said Stafford being subrogated to all rights of the said E. H. Schill in the said cause.

"The consideration of this sale is the sum and price of $3,780, which amount has been presently paid to the said Ellie H. Schill, the receipt of which is hereby acknowledged and full acquittance is granted therefor."

The foregoing assignment was signed by the parties, the notary, and two competent witnesses, on the 18th day of May, 1925. About three months thereafter, or, to be exact, on August 10, 1925, the attorneys for Schill and Ritchie in the case entitled Ellie H. Schill v. Hugh Ritchie, then pending on appeal in this court, had the appeal dismissed upon the following motion:

"On motion of Ellie H. Schill and Hugh Ritchie, plaintiff and defendant, respectively, in the above numbered and entitled cause through their attorneys of record, and on suggesting to the court that the parties to this suit have adjusted the matter amicably and desire that the suit be dismissed."

During the month of November, 1925, following the dismissal of the said appeal, the plaintiff filed the present suit.

The defendant excepted to the suit upon three grounds, viz., vagueness, no right or cause of action, and nonjoinder of parties plaintiff. The exceptions were overruled. The answer is lengthy, but, under our view of the case, it is only necessary to say that it joins issue upon the actual demands of the plaintiff. The judgment of the lower court was in favor of the plaintiff, and against the defendant, for $3,200, with legal interest thereon from May 18, 1925, until paid, together with the sum of $384 as statutory damages and $500 as attorney's fees, with legal interest on said $884 until paid, and the costs of the suit. This appeal is from that judgment.

[1] Five defenses to the suit are set up in defendant's answer and briefs, but the alleged nullity of the assignment from Schill to plaintiff, quoted supra, is chiefly relied upon for a reversal of the judgment. It is contended that this assignment is null and void ab initio, because it was the purchase of a litigious right by an officer of the court. The plaintiff is an attorney at law and practices his profession in the courts of New Orleans and the Supreme Court of the State. C. C. art. 2447, reads as follows:

"Public officers connected with courts of justice, such as judges, advocates, attorneys, clerks and sheriffs, cannot purchase litigious rights, which fall under the jurisdiction of the tribunal in which they exercise their functions, under penalty of nullity, and of having to defray all costs, damages and interest."

The claim sued upon was the subject of litigation in a foreclosure proceeding, under the jurisdiction of a court in which plaintiff exercised his functions as an attorney when he purchased it, and the notarial act of sale, by which he claims to have acquired it, so declares.

"A right is said to be litigious, whenever there exists a suit and contestation on the same." C. C. art. 2653.

Plaintiff contends that the defense we are now considering was first set up in a supplemental answer filed after the case was tried and submitted, but if the supplemental answer was filed timely then there is no merit in the defense, for the reason that:

"Under the apparent purpose of article 2447 such a defense might be urged by either Schill or Ritchie. The article is intended to protect possessors of litigious rights against the undue influence of judicial officers, but how can such a purpose be extended to include an insurance company who is neither privy to the suit between Schill and Ritchie, nor interested in same in any way whatever?" Plaintiff's sup. brief, p. 6.

In support of, the contention that there is no merit in the defense, plaintiff cites Swords v. Cortinas, 4 La. App. 145, from which decision he quotes the following:

"Accordingly the jurisprudence of our state has been that the nullity resulting from a purchase in violation of article 2447 is only relative, in the sense that only one whose right is violated can invoke it. New Orleans Gas & Light Company v. Webb, 7 La. Ann. 164; Lane v. Cameron, 36 La. Ann. 778; Kuck v. Johnson, 114 La. 783, 38 So. 559; Gilkeson Sloss Commission Company v. Bond & Williams, 44 La. Ann. 841, 11 So. 220; Saint v. Martel, 122 La. 93, 47 So. 413."

In the cited case, Yuacio sued Mrs. Massa for $4,425. Yuacio transferred all of his interest in the suit to Cortinas under an agreement which obligated Cortinas to prosecute the suit and out of the sum recovered to pay himself $3,925, and to pay Yuacio $500. He also obligated himself not to compromise the suit for less than $4,425 without being personally responsible to Yuacio for the $500. Yuacio became suspicious of Cortinas, and employed Swords, an attorney, to examine the accounts between himself and Cortinas, and became indebted to Swords to the amount of $170 for his services. The three parties met; Yuacio transferred to Swords an interest to the extent of $170 in the $500 Cortinas had agreed to pay him, and Cortinas agreed to substitute Swords for Yuacio, to that amount, in the event he failed to prosecute the case to a termination or compromised it for less than $4,425. Thereupon Cortinas compromised the case for $2,450 and refused to pay Swords the $170. Swords sued Cortinas for that sum, and the latter relied upon C. C. art. 2447, as a defense. It is clear that Cortinas, and not Swords, was the transferee of the litigious right, and the transferee of that right was invoking C. C. art. 2447, as a shield against the demand of one of his creditors. In disposing of the case the court properly said:

"In this case the transfer by Yuacio to Cortinas has borne its fruits. * * * Cortinas has reaped the advantage of his contract with Yuacio and it would be inequitable to permit him to repudiate his obligations under it. Qui sentit commodum debet sentire et onus."

The cases cited in Swords v. Cortinas announce the accepted rule. For instance, in New Orleans Gaslight Co. v. Webb, the court held that:

"The sale of a litigious right to an attorney not competent to purchase, is a nullity. But the sale does not annihilate the obligation of the debtor of the right; he is still bound to the vendor. It is the sale of the litigious right, and not the right itself, which the law avoids."

The uniform jurisprudence of this state is expressed in the above quotation from the Gas Co.-Webb Case.

In the case of Watterston v. Webb, 4 La. Ann. 173, it appeared that a judgment was rendered in favor of the New Orleans Gaslight & Banking Company and against Webb

as the administrator of a succession. Watterson, an attorney at law, became the transferee of that judgment and brought a suit, founded on that judgment, against Webb, administrator. In disposing of the case the court said:

"The plaintiff had no connection with the litigation between the bank and Webb and the purchase appears to have been a fair one. Article 2422, which prohibits attorneys from purchasing litigious rights which fall within the jurisdiction of the courts before which they practice, under the penalty of nullity, and the payment of all the costs, damages and interests, is imperative, and the district judge did not err in giving it effect."

In principle, we fail to note a distinction between the Watterston-Webb Case and the case we have before us. In the case of Buck & Beauchamp v. Blair & Buck, 36 La. Ann. 16, a case in which Gill was appellant, the court again applied C. C. art. 2447, and said:

"While we are thoroughly convinced that appellant acted with good faith in his dealings with his clients and that his acquisition of an interest in the judgment afforded him the only opportunity of obtaining any compensation for his services from his clients, we cannot and must not hesitate to apply to his case the consequences prescribed in the plain and unambiguous provisions of our law, which strikes all such contracts with absolute nullity."

In the case of Denny v. Anderson, 36 La. Ann. 762, the court extended the application of the doctrine to attorneys other than those practicing before the court which had jurisdiction of the action. We quote from the opinion the following:

"The reasons which have prompted this litigation apply with equal force to attorneys who reside in the different parishes of the state, and will not sanction a restriction of the rule to attorneys who are actually practitioners of the court in which the suit originated.

"Those reasons are of easy conception, and are well known and thoroughly understood by the profession; hence it becomes unnecessary to enter into details on the subject. The elevated standard which the learned profession must occupy in public esteem makes it the imperative duty of courts to exact a rigid compliance with a rule calculated to enhance the honor and usefulness of the profession, even when the transaction shows no unfairness of dealing or desire to obtain undue advantage. In our opinion, the present instance presents a dealing of that character, and our conclusions can justify no inference to the detriment of this plaintiff. But under our sense of duty, we cannot escape the conclusion that his purchase of the claim now in suit is stricken with the nullity contemplated by the article now under consideration. Buck & Beauchamp v. Blair & Buck, 36 La. Ann. p. 16; Duson v. Dupre, 33 La. Ann. 1131; Watterston v. Webb, 4 La. Ann. 173."

In this connection we will say that, in this case, the record does not disclose any fact which justifies the slightest reflection upon the plaintiff's transactions with Schill or any inference to his detriment otherwise, and if the court could conscientiously grant him relief it would do so.

[2] The plaintiff's contention that the supplemental answer was not filed timely, and therefore the defense we have just considered is not before the court, is untenable for the reason that the filing of the supplemental answer was a matter within the discretion of the court, and, as plaintiff permitted the case to go to judgment without excepting thereto or seeking to have it stricken from the record, this contention presents nothing for review, and we cannot consider it.

For these reasons, we have reached the conclusion that the judgment appealed from is erroneous, and it is therefore ordered and decreed that the judgment herein appealed from be avoided and set aside and plaintiff's suit be dismissed, with all costs to be paid by him.

PER CURIAM. Rehearing denied.

ST. PAUL, J., dissenting.