No. 4345

Second Circuit
(Second Division)

———

SEAGULL GASOLINE CO., INC., v.
TIEUEL

———

(May 4, 1932. Opinion and Decree.)

———

Wilson & Abramson, of Shreveport, attorneys for plaintiff, appellee.

Malcolm W. Feist, of Shreveport, attorney for defendant, appellant.

STEPHENS, J. The plaintiff sued and obtained judgment against the defendant in the sum of $1,081. The defendant was granted orders of suspensive and devolutive appeal. After the transcript had been lodged in this court, the law firm of Wilson & Abramson, which had represented the plaintiff in the trial court, appeared and obtained an order, founded on the averment that it had secured an assignment of the judgment from the plaintiff, substituting itself as party plaintiff-appellee.

The substituted appellee then moved to dismiss the appeal, and was met with an exception of no cause of action, filed by the appellant, founded on article 2447 of the Civil Code:

"Public officers connected with courts of justice, such as judges, advocates, attorneys, clerks and sheriffs, can not purchase litigious rights, which fall under the jurisdiction of the tribunal in which they exercise their functions, under penalty of nullity, and of having to defray all costs, damages and interest."

Clearly, the partnership of Wilson & Abramson has purchased a litigious right, in the meaning of the article of the Code, and said purchase is a nullity. State v. Nix, 135 La. 811, 66 So. 230; New Orleans Gas Light Co. v. Webb, 7 La. Ann. 164; Watterston v. Webb, 4 La. Ann. 173; Pipes v. Norsworthy, 25 La. Ann. 557; Stafford v. National Fire Insurance Co., 164 La. 409, 114 So. 78; Illg & Valentino v. Regan, 166 La. 70, 116 So. 673.

The exception of no cause of action is therefore sustained; the order substituting Wilson & Abramson as party plaintiff-appellee is recalled and set aside; the original plaintiff-appellee is reinstated in that capacity, and the case is ordered returned to the calendar of this court for further proceedings, according to law.