CHASEZ, Judge.
The plaintiff herein, Thomas J. D’Albora, brought this action against the defendants, Louis J. Roussel, and the Republic Petroleum Corporation, predicated on a letter dated September 13, 1949, bearing the signature of Louis J. Roussel, copy of which letter is attached to plaintiffs petition and reads as follows:
“September 13, 1949
“Mr. Thomas J. D’Albora Richards Building New Orleans, Louisiana
“Dear Mr. D’Albora:
“I hereby acknowledge receipt of your check in the amount of $2,500.00 and I will issue to you two stock certificates in your name from the Republic Petroleum Corporation, comprising one hundred and twenty-five *126 (125) shares of preferred stock and one hundred twenty-five (125) shares of common stock.
“You are to receive from me an instrument in writing evidencing your interest in Y20 of Vie royalty interest hearing upon and affecting approximately 400 acres located in the southern and southwestern portion of Section 40, Township 14 South, Range 20 East, St. Charles Parish, Louisiana, in what is known as Paradis Oil Field.
“This instrument will be delivered ±0 you in due course.
“Yours sincerely,
/s/ Louis J. Roussel Louis J. Roussel”
LJR: f s
The plaintiff alleges while the letter was signed by Louis J. Roussel he is of the opinion and believes and so alleges that Louis J. Roussel is the owner of more than 90% of the stock of Republic Petroleum Corporation, is the manager of said ■corporation, controls its policies and op■eration and that he signed the letter for himself and for said corporation. The stock certificates referred to in the above ■mentioned letter were delivered to the plaintiff; and plaintiff in these proceedings, filed on January 26, 1960, more than 10 years after the date of the letter, alleged that he “ * * * has been unable to obtain from either defendants the instrument in writing evidencing his purchase of the royalty interest of Y20 of Yig bearing upon and affecting approximately 400 acres located in the Southern and Southwestern portion of Section 40, Township 14 South, Range 20 East, St. Charles Parish, Louisiana, in what is known as Paradis Oil Field.” and prayed for a judgment against the defendants herein:
“(a) Recognizing that by the instrument of September 13, 1949, registered in Conveyance Book 3, Folio 488 of the Parish of St. Charles, petitioner acquired a Y20 of Yia royalty interest bearing upon and affecting approximately 400 acres located in the southern and southwestern portion of Section 40, Township 14 South, Range 20 East, St. Charles Parish, Louisiana, in what is known as Paradis Oil Field, including the two tracts of land here-inabove described, under the leases and assignments heretofore described made to Republic Petroleum Corporation and to Louis J. Roussel, or to either of them; and recognizing that said royalty interest purchased by petitioner is presently owned by petitioner and Enterprises, Inc., in indivisión, in the proportion of J^ths thereof to petitioner and YÍth thereof to Enterprises, Inc.
“(b) Decreeing that the affidavit made by Louis J. Roussel as President of and for Republic Petroleum Corporation, dated November 7, 1957, registered in Conveyance Book 18 Folio 193 of the Parish of St. Charles, is null and void and without legal effect.
“(c) In the alternative, ordering Louis J. Roussel or Republic Petroleum Corporation, or both, to execute an instrument in writing evidencing petitioner’s interest in Y20 of Yie royalty interest bearing upon and affecting approximately 400 acres located in the southern and southwestern portion of Section 40, Township 14, South, Range 20 East, St. Charles Parish, Louisiana, in what is known as Paradis Oil Field.
“(d) Ordering Louis J. Roussel or Republic Petroleum Corporation, or both, to render to petitioner, or to petitioner and Enterprises, Inc., a true and full accounting of the royalties received by them, or either of them, since September 13, 1949, from the Y20 of Y16 royalty interest referred to in the instrument of September 13, 1949, and to pay said royalties to petitioner, or to petitioner and Enterprises, Inc., jointly, or to petitioner and Enterprises, Inc., in the proportion of their respective interest.”
*127 The petition further alleges that the royalty interest purchased by the petitioner under the instrument of September 13, 1949, includes the following:
“The lands affected by the royalty interest purchased by petitioner under the instrument of September 13, 1949, include the following:
“Two tracts of land in St. Charles Parish, Louisiana, in fractional Section 40, Township 14 South, Range 20 East, Southeastern Land District of Louisiana, West of the Mississippi River, designated as Tract No. 1 and Tract No. 3.
“Tract No. 1 is that portion of said Section 40 lying West of the Section line between Sections 17 and 18, produced, and North of a line drawn West from a point on the center line of the Southern Pacific Railroad tracks, which point is 600 feet North of the intersection of said tracks with Bayou Saut D’Ours.
“Tract No. 3 is that portion of said Section 40 lying East of the Section line between Sections 17 and 18, produced, and South of the aforesaid line drawn West from a point on the center line of said railroad tracks.”
The petition also alleges that plaintiff first learned on November 4, 1957, that defendants did not intend to deliver such instrument; and that on November 8, 1957, Louis J. Roussel, as President of and on behalf of Republic Petroleum Corporation, made an affidavit and caused same to be registered in the records of St. Charles Parish, Book 18, Folio 193, a certified copy of which is attached to plaintiff’s pleadings. This affidavit indicates that the Republic Petroleum Corporation did not intend to make a transfer of the royalty interest claimed by Thomas J. D’Albora, plaintiff, who is an attorney-at-law, qualified to practice before the Supreme Court of Louisiana, for the reasons, among others, “ * * * said purported interest is null and void in that it is in violation of Article 2447 of the Louisiana Civil Code, since it purports to be an acquisition of a litigious right by an attorney at law in that there was existing at the time of said purported acquisition a law suit, namely Republic Petroleum Corporation v. Humble Oil and Refining Company, et als., No. 3230 on the Docket of the 24th Judicial District Court for the Parish of St. Charles, Louisiana, in which said suit issue had been joined and no definitive judgment had been rendered as of September 13, 1949.”
The petition also alleged that the plaintiff was not aware of the pendency of any suit involving the rights of Louis J. Roussel or the Republic Petroleum Corporation for the shares of stock and royalty interest referred to in the agreement of September 13, 1949, and the said Louis J. Roussel, as President of the Republic Petroleum Corporation, or as vendor, did not suggest to petitioner that either the stock or the royalty interest involved in the letter of September 13, 1949, was in litigation.
The defendants herein filed exceptions of no cause of action, no right of action and a plea of prescription of 10 years to plaintiff’s suit. These exceptions were argued and submitted to the Court for adjudication, and on April 26, 1965, the judge of the Court a qua rendered and signed judgment maintaining the exception of no right of action filed by the defendants and dismissed the suit of the plaintiff. From this judgment he has appealed.
LSA-C.C. art. 2447 reads as follows:
“Public officers connected with courts of justice, such as judges, advocates, attorneys, clerks and sheriffs, can not purchase litigious rights, which fall under the jurisdiction of the tribunal in which they exercise their functions, under penalty of nullity, *128 and of having to defray all costs, damages and interest.”
LSA-C.C. art. 2653 reads as follows:
“A right is said to be litigious, whenever there exists a suit and contestation on the same.”
LSA-C.C. art. 3556(18) reads as follows:
“Litigious Rights. — Litigious rights are those which can not be exercised without undergoing a lawsuit.”
The exceptors-defendants herein contend that under the provisions of LSA-C.C. art. 2447, the plaintiff who is an attorney at law, could not purchase the mineral rights referred to under the document dated September 13, 1949, because all of the property upon which the royalty interests and rights could exist (which property seems to be particularly described in the petition of plaintiff) was involved in serious litigation continuously for a period embracing several years prior to September 13, 1949, and approximately 10 years thereafter and was a litigious right which said plaintiff could not purchase under penalty of nullity and, therefore, has and had no right or interest in demanding its transfer to him. Exceptors-defendants in asserting their exception of no right of action filed to the suit of plaintiff submitted to the Court in evidence a note of evidence embracing 25 exhibits. Said exhibits, being numbered from 1 to 25, indicate that there was litigation in existence between Republic Petroleum Corporation as plaintiff and the Humble Oil and Refining Company, Manufacturers Record Publishing Company, Nemours Corporation and approximately 30 others as defendants, in the Twenty-Fourth Judicial District Court for the Parish of St. Charles, State of Louisiana, under the number 3230; and likewise indicate that there was litigation in existence between Louis J. Roussel as plaintiff and Humble Oil and Refining Company, Manufacturers Record Publishing Corporation, Ne-mours Corporation and approximately 31 others as defendants in the Twenty-Fourth Judicial District Court for the Parish of St. Charles, State of Louisiana, under the No. 3231. Said litigation commenced on June 16, 1943 and was continuous in existence at least until 1956. A certified copy of an opinion of the Supreme Court of Louisiana in the suit of Blevins v. Manufacturers Record Publishing Company, et al., reported in 235 La. 708, 105 So.2d 392, was also filed as an exhibit herein. These exhibits indicate that the realty on which the royalty rights and interests were to be transferred was the subject of litigation in each of the above mentioned suits when the letter of September 13, 1949, was written. Also attached as exhibits are a certificate of the Supreme Court of the State of Louisiana issued by V. J. Courville, Clerk of said Court, dated March 4, 1965, certifying that Thomas J. D’Albora was admitted to practice law as an attorney and counsellor at law in the Courts of the State of Louisiana, on the 16th day of July, 1935, and is of good moral character and standing in his profession and is fully qualified by his legal knowledge and ability to perform all the duties of an attorney and counsellor at law; and a letter dated March 10, 1965, directed to Virgil M. Wheeler, Jr., Attorney at Law of. New Orleans, Louisiana by Thomas O. Collins, Jr., Executive Counsel of the Louisiana State Bar Association, certifying that the records of the Louisiana State Bar Association indicate that Thomas J. D’Al-bora has been an active member of the Louisiana State Bar Association and eligible to practice law since 1941. (The letter notes that the present Louisiana State Bar Association began in 1941 and that the records of the Association do not date back further than that year.)
Thus it appears clear that the rights and property contended for by plaintiff in this matter are litigious rights under the Articles of the Civil Code of Louisiana and that plaintiff was an attorney and counsellor at law, practicing in the State of Louisiana on the date on which the letter was written.
*129 Counsel for plaintiff objected to the admission of any evidence on behalf of the exceptors-defendants, urging that the exception before the Court was erroneously designated as an exception of no right of action, and states that even if the evidence which had been offered was admissible to prove that plaintiff was an attorney licensed to practice law in the Courts of Louisiana, and if the evidence indicating that the rights purchased by plaintiff were in litigation was sound, such circumstances would not strike the sale with absolute nullity but only with relative nullity, and the vendor, exceptors-defendants herein, could not raise the question of nullity by exception or otherwise over objection, but must formally so declare in a direct action against all parties to be affected.
Whether the provisions of Article 2447, which state that attorneys cannot purchase litigious rights falling under the jurisdiction of the tribunals in which they exercise their functions under penalty of nullity is absolute or relative does not seem to be of great moment here. While the Court believes it is absolute rather than relative, it appears that exceptors-defendants do have a right to urge this exception in defense of this suit since the suit itself is between the parties involved in the alleged agreement and not third persons; furthermore, the Supreme Court of Louisiana has held that since attorneys practicing before it may practice in every jurisdiction in the State of Louisiana, the articles of the Code with reference to litigious rights applies to them no matter where the situs of the right is in the state, or where the Court involved is located or where the lawyer is domiciled. The assertion of this right by the exception of no right of action and the production of the evidence which the law permits to be taken under the no right exception, if proper, and conforms with the proof necessary to bar the purchase of the right by the attorney under penalty of nullity, is a direct action between these parties and cannot be said to be a collateral attack. Some decisions of the Court have indicated that the act of transfer of the litigious right is the nullity referred to rather than the right; taking that to be true, how can it be said that exceptors-defendants should be deprived of the use of the no right exception to avoid an illegal or null transfer of the property to the plaintiff herein. Since we are of the opinion that the exception of no right of action is properly urged to the suit of the plaintiff by the exceptors-defendants under articles 927, 931 and 934 of the Code of Civil Procedure, the only other questions that we shall direct our attention to are estoppel and the suggested unconstitutional construction of article 2447. Plaintiff urges that the Legislature of Louisiana changed the policy of the State to permit lawyers to contract for litigious rights in payment for their services and suggests that as non-attorneys and attorneys connected with the litigation may purchase litigious rights there is clear discrimination without rational basis against attorneys who are strangers to the litigation in violation of inalienable rights enjoying constitutional protection. We do not agree that this result has occurred by the enactment of Act 124 of 1906, which permits lawyers to contract with their clients to guarantee the payment of their fee. The Courts of Louisiana have not held that attorneys connected with litigation may purchase litigious rights, but, to the contrary, have held otherwise. The Act of 1906 permits an attorney to secure an interest in the subject-matter of the suit to secure his fee and does not authorize him to purchase a litigious right. In State v. Nix, 135 La. 811, 66 So. 230, the Supreme Court found that the attorney connected with the litigation had purchased a litigious right, the acquisition of which was reprobated by the Civil Code article 2447. In Seagull Gasoline Co., Inc. v. Tieuel, 19 La.App. 642, 141 So. 422, the Court held that where an appellee assigned the judgment to his attorneys the attorneys were purchasers of a litigious *130 right and the purchase was a nullity. Additionally, in Gladney v. Webre, 230 La. 175, 88 So.2d 17, the Court found that the attorney had purchased a litigious right and affirmed the dismissal of his suit on such grounds. Thus, it will be seen that there has been no discrimination against attorneys who are strangers to the litigation as argued by the plaintiff.
We find plaintiff’s contention that exceptors-defendants are estopped from asserting the nullity urged herein to be without merit as the Supreme Court of Louisiana and the Fourth Circuit Court of Appeal have held otherwise in Rhodes v. Miller, 189 La. 288, 179 So. 430; Cilluffa v. Monreale Realty Co., 209 La. 333, 24 So.2d 606 and Gumina v. Dupas, La. App., 159 So.2d 377. In the Rhodes case the Supreme Court held that estoppel cannot be invoked to impair the force and effect of a prohibitory law; and in the Cilluffa case it was observed that it is well settled that an agreement void as against public policy or because prohibited by law cannot be rendered valid by invoking the doctrine of estoppel.
It appears from the record that all of the exceptions filed by exceptors-defend-ants herein were argued and submitted to the Court, i. e., the exception of no right of action, the exception of no cause of action and the exception of prescription of 10 years; however, the Court rendered the judgment appealed herein on the exception of no right of action only. We arc, therefore, going to pass on the judgment of the Court as rendered, and, as we are in accord with the action of the Court a qua in this matter, its judgment maintaining the exception of no right of action filed herein by the defendants-ap-pellees, Louis J. Roussel and Republic Petroleum Corporation, to the suit of the plaintiff-appellant, Thomas J. D’Albora, dismissing said suit, is affirmed; costs in both Courts to be paid by plaintiff-appellant.
Affirmed.